# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BONNIE GILBERT,

    Plaintiff,

v.                                                         Case No. 6:21-cv-2158-RBD-DCI

BIOPLUS SPECIALTY PHARMACY
SERVICES, LLC,

    Defendant.
_____

## ORDER

Plaintiff filed an unopposed motion to consolidate this class action for all purposes with four similar class actions before the Court: *Bryan v. BioPlus Specialty Pharmacy Servs., LLC*, No. 6:22-cv-30; *Smith v. BioPlus Specialty Pharmacy Servs., LLC*, No. 6:22-cv-136; *Hullet v. BioPlus Specialty Pharmacy Servs., LLC*, No. 6:22-cv-147; and *Grader v. BioPlus Specialty Pharmacy Servs., LLC*, No. 6:22-cv-159 (all five actions collectively, "Related Actions"). (Doc. 18 ("Motion").)

The Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision is "purely discretionary," and the Court must consider: (1) "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues"; (2) "the burden on parties, witnesses and available judicial resources

posed by multiple lawsuits"; (3) "the length of time required to conclude multiple suits as against a single one"; and (4) "the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (cleaned up).

Here, the facts of the Related Actions are nearly identical, alleging that Defendant is liable for the release of personal information from a data breach, and the claims and class definitions overlap. (*See* Doc. 7; *Bryan*, No. 6:22-cv-30, Doc. 1; *Smith*, No. 6:22-cv-136, Doc. 1; *Hullet*, No. 6:22-cv-147, Doc. 11; *Grader*, No. 6:22-cv-159, Doc. 1.) The Related Actions are at similar procedural postures and likely to proceed on similar courses. Consolidation will promote judicial efficiency, reduce costs and burden on the parties, and expedite resolution. *See McDonald v. PaperlessPay Corp.*, No. 3:20-cv-1005, 2021 WL 931599, at *4 (M.D. Fla. Mar. 11, 2021). Any differences between them can be resolved in a consolidated amended complaint. *See id.* at *5 n.5. So the Motion is due to be granted.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion (Doc. 18) is **GRANTED**.

2. This case is **CONSOLIDATED** with *Bryan v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:22-cv-30; *Smith v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:22-cv-136; *Hullet v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:22-cv-147; and *Grader v. BioPlus Specialty*

*Pharmacy Services, LLC*, No. 6:22-cv-159, for all purposes.

3. The instant case is **DESIGNATED** the lead case. The Clerk is **DIRECTED** to terminate all pending motions and deadlines in the other actions and to close those cases.

4. By **Friday, March 11, 2022**, the parties are **DIRECTED** to file a consolidated case management report. *See* Local Rule 3.02(a).

5. By **Monday, March 28, 2022**, Plaintiffs may file a consolidated second amended complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 24, 2022.

ROY B. DALTON JR.
United States District Judge