# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BONNIE GILBERT, WENDY
BRYAN, PATRICIA WHITE, DAVID
GATZ, CRYSTAL HULLET, LORI
GRADER, DARYL SWANSON,
STEPHEN GABBARD, ALICIA
DUNN, and on behalf of themselves and
all others similarly situated,

        Plaintiffs,

vs.

BIOPLUS SPECIALTY PHARMACY
SERVICES, LLC,

        Defendant.

Case No. 6:21-cv-02158-RBD-DCI

Settlement Agreement and Release

This Settlement Agreement and Release ("Settlement Agreement"), dated June 29, 2023, is made and entered into by and among the following Settling Parties (defined below), by and through the parties' counsel of record: (i) Defendant BioPlus Specialty Pharmacy Services, LLC ("BioPlus"); and (ii) Plaintiffs Bonnie Gilbert, Wendy Bryan, Patricia White, David Gatz, Crystal Hullet, Lori Grader, Daryl Swanson, Stephen Gabbard, and Alicia Dunn, both individually and on behalf of the Class (collectively, "Plaintiffs"), in the case of *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, 6:21-cv-02158-RBD-DCI (M.D. Fla). BioPlus and Plaintiffs are each referred to as a "Party" and are collectively referred to herein as the "Parties." The Settlement Agreement (defined below) is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve,

discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions thereof.

## I.    THE LITIGATION

On December 27, 2021, Plaintiff Bonnie Gilbert filed a putative class action lawsuit against BioPlus Specialty Pharmacy Services, LLC, based on a cyberattack on BioPlus's network taking place between October 25, 2021 and November 11, 2021 (the "Security Incident"), alleging claims of negligence and negligence per se. (the "Litigation"). In March 2023, Plaintiffs Wendy Bryan, Patricia White, David Gatz, Crystal Hullet, Lori Grader, Daryl Swanson, Stephen Gabbard, and Alicia Dunn joined with Plaintiff Gilbert and filed their Third Amended Complaint ("TAC" or "Complaint") in the Litigation, alleging claims of negligence, breach of implied contract, and violation of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, et seq.), and for declaratory judgment.

On August 23, 2022, the Parties participated in a full-day virtual mediation before Rodney A. Max of Upchurch Watson White & Max. The Parties were unable to come to a settlement agreement.

Following the August 23, 2022 mediation, the Parties engaged in discovery, including exchanging discovery requests and responses and producing documents. During this time, the Parties continued to discuss settlement. On April 12, 2023, the parties reconvened mediation before Mr. Max, and reached a settlement agreement,

the salient terms of which were memorialized in a term sheet signed by the parties'
counsel on April 25, 2023. The full terms of the parties' settlement are set forth in
this Settlement Agreement and attached exhibits.

The Parties have agreed to settle the Litigation on the terms and conditions set
forth herein in recognition that the outcome of the Litigation is uncertain and that
achieving a final result through litigation would require substantial additional risk,
uncertainty, discovery, time, and expense for both of the Parties.

## II.  PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in the
Complaint, have merit. Plaintiffs and Class Counsel (defined below) recognize and
acknowledge, however, the expense and length of continued proceedings necessary
to prosecute the Litigation against BioPlus through continued motion practice, trial,
and potential appeals. They have also considered the uncertain outcome and risk of
further litigation, as well as the difficulties and delays inherent in such litigation,
especially in complex class actions. Class Counsel are highly experienced in class
action litigation and very knowledgeable regarding the relevant claims, remedies,
and defenses at issue generally in such litigation and in this Litigation. They have
determined that the settlement set forth in this Settlement Agreement is fair,
reasonable, and adequate, and in the best interests of the Settlement Class.

## III.  DENIAL OF WRONGDOING AND LIABILITY

BioPlus denies each and all of the claims and contentions alleged against it in the Litigation. BioPlus denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, BioPlus has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. BioPlus has considered the uncertainty and risks inherent in any litigation. BioPlus has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.   SETTLEMENT TERMS & DEFINITIONS

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and BioPlus that, subject to the approval of the Court, the Litigation, and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class, except those members of the Settlement Class who timely opt-out of the Settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.   Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Action" or "Litigation" means *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:21-cv-02158-RBD-DCI, Middle District Court of Florida.

1.2    "Agreement" or "Settlement Agreement" means this agreement, exhibits, and the settlement embodied herein.

1.3    "Claim" means a claim for Settlement benefits made under the terms of this Settlement Agreement.

1.4    "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims submitted pursuant to ¶¶ 2.1 and 2.2.

1.5    "Claim Forms" means the claim forms to be used by Settlement Class Members to submit a Claim, either through the mail or online through the Settlement Website, substantially in the form as shown in Exhibits A-1 and A-2 attached hereto.

1.6    "Claims-Made Benefits" or "Non-SSN Settlement Fund" means the Settlement benefits (as described below) available to the Claims-Made Settlement Class Members. The Claims-Made Benefits will be funded by BioPlus in an amount not to exceed $1,175,000, inclusive of (i) all Valid Claims for Settlement benefits made under ¶ 2.1; (ii) reasonable Notice and Settlement Administration Costs (defined below) incurred in the administration of both Claims-Made and Common

Fund Benefits, including all taxes owed by the Claims-Made Benefits and Common Fund; and (iii) any attorneys' fees, costs, and expenses, as approved by the Court.

1.7    "Claims-Made Settlement Class Members" or "Non-SSN Class Members" means the approximately 218,750 Settlement Class Members who were notified that their information may have been impacted in the Data Incident, and whose Social Security numbers were not impacted in the Data Incident. The Claims-Made Settlement Class Members are eligible to submit a claim under the Claims-Made Benefits.

1.8    "Class Counsel" means John A. Yanchunis and Ryan D. Maxey of Morgan & Morgan; Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; Nicholas A. Migliaccio of Migliaccio & Rathod, LLP; Joseph M. Lyon of The Lyon Firm, LLC; J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC; Gary E. Mason of Mason LLP; and M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation.

1.9    "Common Fund" or "SSN Settlement Fund" means a non-reversionary common fund to be funded by BioPlus in the amount of $1,025,000.

1.10    "Common-Fund Settlement Class Members" or "SSN Class Member" means the approximately 130,438 Settlement Class Members who were notified of the Data Incident and who were notified that their Social Security numbers may have

been impacted in the Data Incident. Common-Fund Settlement Class Members are eligible to submit a claim under the Common Fund.

1.11   "Court" means the United States District Court for the Middle District of Florida.

1.12   "Dispute Resolution" means the process for resolving disputed Claims as set forth in this Settlement Agreement.

1.13   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.14 herein have occurred and been met.

1.14   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.15   "Judgment" means a judgment rendered by the Court.

1.16   "Long Form Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in Exhibit C attached hereto.

1.17   "BioPlus's Counsel" means Baker & Hostetler LLP.

1.18   "Notice Date" means 45 days following entry of the Preliminary Approval Order. The Notice Date shall be used for purposes of calculating the Claims Deadline, Opt-Out Date and Objection Date deadlines, and all other deadlines that flow from the Notice Date.

1.19   "Notice and Settlement Administration Cost" means all costs incurred or charged by the Settlement Administrator in connection with providing Notice to Settlement Class Members and costs of administering the Common Fund and Claims-Made Settlement benefits.

1.20   "Objection Date" means the date by which the Settlement Class Members must mail to Class Counsel and BioPlus's Counsel, or in the alternative, file with the Court their objection to the Settlement Agreement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.21   "Opt-Out Date" means the date by which the Settlement Class Members must mail their requests to be excluded from the Settlement Class for that

request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.22 "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents and/or assignees.

1.23 "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' have proposed a timeline to incorporate into the Preliminary Approval Order as Exhibit D.

1.24 "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States as defined below; violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* and all similar state consumer-protection statutes; violations of the California Consumer Protection Act

of 2018, Cal. Civ. Code § 1798, *et seq.* and all similar state privacy-protection statutes; violations of the California Customer Records Act, Cal. Civ. Code § 1798.84, *et seq.* and all similar notification statutes in effect in any states in the United States; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any member of the Settlement Class against any of the Released Parties based on, relating to, concerning or arising out of the Data Incident and alleged theft of other personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released

Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of the Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.25 "Related Entities" means BioPlus's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.26 "Released Parties" means BioPlus and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.27 "Reminder Notice" means the reminder notice that the Settlement Administrator will send to Class Members for whom there is a valid email address 60 days after the Notice Date.

1.28   "Settlement Administration" means the processing of Notice and the processing and payment of Claims received from Settlement Class Members by the Settlement Administrator.

1.29   "Settlement Administrator" means Kroll Settlement Administration, LLC ("Kroll"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.30   "Settlement Class" means all persons who were notified that their information may have been impacted in the Data Incident. The Settlement Class specifically excludes: (i) BioPlus and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contender* to any such charge.

1.31   "Settlement Class Member(s)" means all Persons meeting the definition of the Settlement Class.

1.32   "Settlement Website" means a website, the URL for which to be mutually selected by the Settling Parties, that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and

related information, as well as provide the Settlement Class Members with the ability to submit a Claim online.

1.33 "Settling Parties" means, collectively, BioPlus and Plaintiffs, individually and on behalf of the Settlement Class, and all Released Parties.

1.34 "Short Form Notices" means the short form notices of the proposed class action settlement, substantially in the form as shown in Exhibits B-1 and B-2 attached hereto. The Short Form Notice will direct recipients to the Settlement Website and inform Settlement Class Members of, among other things, the Claims Deadline, the Opt-Out and Objection Deadlines, and the date of the Final Fairness.

1.35 "Unknown Claims" means any of the Released Claims that Plaintiffs do not know or suspect to exist in their favor at the time of the release of the Released Parties that, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code § 1542, (or any similar comparable, or equivalent provision of any federal, state or foreign law, or principle of common law which is similar, comparable, or equivalent to California Civil Code §1542), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.36   "Valid Claims" means Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

**2.      Settlement Structure**

2.1   <u>Claims-Made Benefits</u>

2.1.1 Claims-Made Settlement Class Members shall have the opportunity to submit a Claim for Claims-Made Settlement Benefits on or before the Claims Deadline. The benefits available to Claims-Made Settlement Class

Members, as described below, shall include (1) Lost-Time Claims; and (2) Out-of-Pocket Expense Claims.

a)  <u>Lost-Time Claims</u>: Claims-Made Settlement Class Members may submit a Claim for up to two (2) hours of time spent related to the Data Incident at $25 per hour if the Settlement Class Member (1) attests that any claimed lost time was spent related to and arising out of the Data Incident, and (2) provides a brief general description of how the claimed lost time was spent. No documentation need be submitted in connection with Lost-Time Claims.

b)  <u>Out-of-Pocket Expense Claims</u>: Claims-Made Settlement Class Members may submit a Claim for reimbursement of documented out-of-pocket losses reasonably and fairly traceable to the Data Incident. Out-of-Pocket-Expense Claims will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after October 25, 2021 that the claimant attests under penalty

of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges. Claims-Made Settlement Class Members with Out-of-Pocket-Expense Claims must submit documentation and attestation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation. Out-of-Pocket Expense Claims must include an attestation that the monetary losses are fairly traceable to the Data Incident and were not incurred due to some other event or reason.

2.1.2  Claims-Made Settlement Class Members' claims for Lost Time and/or Out-of-Pocket Losses are subject to an individual cap of $750 per claimant.

2.1.3. Use of Claims-Made Benefits: The Claims-Made Benefits shall be used to pay for (i) reasonable Notice and Settlement Administration Costs incurred in the administration of both Claims-Made Benefits and Common Fund, including all taxes owed by the Claims-Made Benefits and Common Fund; (ii) any attorneys' fees, costs, and expenses, as approved by the Court; and (iii) any Claims-Made Benefits to Claims-Made Settlement Class Members, pursuant to the terms and conditions of this Agreement. In no event shall the total costs of Claims-Made Benefits exceed $1,175,000.

2.2     Common-Fund Benefits

2.2.1  The Common-Fund Settlement Class Members shall have the opportunity to submit a Claim for Common-Fund Benefits on or before the Claims Deadline. The Common-Fund Benefits, as described below, shall include (1) Pro-Rata Cash Payments; or (2) Lost-Time Claims and (3) Out-of-Pocket Expense Claims. These benefits shall be paid from the $1,025,000 non-reversionary Common Fund.

a)     $50 Pro-Rata Cash Payment: Common-Fund Settlement Class Members may submit a Claim for a $50 cash payment. The Settlement Administrator will make *pro rata* settlement payments, which may increase or decrease the $50 Cash Payment, subject to the Common Fund cap (described below).

b)   <u>Lost-Time Claims</u>: Common-Fund Settlement Class Members may submit a Claim for up to three (3) hours of time spent remedying issues related to the Data Incident at $25 per hour if the Settlement Class Member (1) attests that any claimed lost time was spent related to and arising out of the Data Incident, and (2) provides a brief general description of how the claimed lost time was spent. No documentation need be submitted in connection with Lost-Time Claims.

c)   <u>Out-of-Pocket Expense Claims:</u> Common-Fund Settlement Class Members may submit a Claim for reimbursement of documented out-of-pocket losses reasonably and fairly traceable to the Data Incident. Out-of-Pocket-Expense Claims will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after October 25, 2021 that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and

miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges. Common-Fund Settlement Class Members with Out-of-Pocket-Expense Claims must submit documentation and attestation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation. Out-of-Pocket Expense Claims must include an attestation that the monetary losses are fairly traceable to the Data Incident and were not incurred due to some other event or reason.

2.2.2   Common-Fund Settlement Class Members may stack any benefits available to them under the settlement.

2.2.3   Common-Fund Settlement Class Members' claims for Lost Time and/or Out-of-Pocket Losses are subject to an individual cap of $7,500 per claimant. The amount of Pro Rata Cash Payments does not count toward this cap.

2.3     Claims Deadline: Settlement Class Members seeking reimbursement under ¶¶ 2.1 or 2.2 must complete and submit a Claim Form to the Settlement Administrator, postmarked or submitted online on or before the 90th day after the Notice Date. The notice to the Settlement Class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization shall not be required.

2.4     Dispute Resolution

2.4.1 The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the Claimant is a Settlement Class Member; (2) the Claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Expenses Claims described above; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the Claimant has suffered the claimed losses as a result of the Data Incident (collectively, "Facially Valid"). The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Expenses reflect valid Out-of-Pocket Expenses actually incurred that are fairly traceable to the Data Incident but may consult with Class Counsel and

BioPlus's Counsel in making individual determinations. Out-of-Pocket Expenses will be presumed "fairly traceable" if: (1) the timing of the losses occurred on or after October 25, 2021; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to BioPlus prior to the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member to seek clarification regarding a submitted claim prior to making a determination as to its validity. Out-of-Pocket Expenses are not eligible for reimbursement to the extent a Settlement Class Member has already been reimbursed for the same expense by any other source, including any compensation provided in connection with the credit monitoring product previously offered by BioPlus.

2.4.2  To the extent the Settlement Administrator determines a claim for Out-of-Pocket Expenses or Lost Time is deficient in whole or in part, within a reasonable time of making such a determination, but no later than 14 days after the Claims Deadline, the Settlement Administrator is authorized to contact the Settlement Class Member via telephone or e-mail in an attempt to informally resolve the deficiency prior to sending a formal deficiency notice. If the deficiency is not resolved in this manner, the Settlement Administrator shall formally notify the Settlement Class Member of the deficiencies and give the Settlement Class Member 21 days to cure the deficiencies. Such notifications shall be sent via e-mail, unless

the Claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail.

      2.4.3 If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within 10 days of the determination that the deficiencies have not been cured. The Settlement Administrator may consult with counsel for both Parties prior to making such determinations. The notice shall inform the Settlement Class Member of his or her right to dispute in writing the deficiency determination and of his or her right to request an appeal of this determination within 30 days of the deficiency determination.

      2.4.4 If a Settlement Class Member disputes in writing a determination and requests an appeal, the Settlement Administrator shall provide Class Counsel and BioPlus's Counsel a copy of the Settlement Class Member's dispute and his or her Claim Form along with all documentation or other information submitted by the Settlement Class Member. Class Counsel and BioPlus's Counsel shall confer regarding the claim submission, and their agreement on approval or denial of the Settlement Class Member's claim, in whole or in part, will be final.

      2.5   <u>Medicare/Medicaid Reporting</u>: To enable reporting to the Centers for Medicare & Medicaid Services, any Settlement Class Member that is a

Medicare beneficiary who sought services from a health care professional for emotional distress arising out of the Data Incident and may receive payment of over $750 under this Settlement will be required to provide additional information, including their full name, gender, date of birth, and Social Security Number (last five digits at a minimum) or full Medicare Beneficiary Number to be eligible for payment.

### 3.   Notice and Settlement Administration Expenses

3.1   All Notice and Settlement Administration Costs, including, without limitation, the fees and expenses of the Settlement Administrator, shall be paid by BioPlus directly to the Settlement Administrator. Such costs are subject to the $1,175,000 Claims-Made Benefits cap.

### 4.   Opt-Out Procedures

4.1   Each Settlement Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than 60 days after the Notice Date.

4.2   All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-

Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3    In the event that within 10 days after the Opt-Out Date as approved by the Court, there have been more than 500 timely and valid Opt-Outs submitted, BioPlus may, by notifying Settlement Class Counsel and the Court in writing within 30 days after the Opt-Out Date, void this Settlement Agreement. If BioPlus voids the Settlement Agreement pursuant to this paragraph, BioPlus shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel.

## 5.    Objection Procedure

5.1    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number: *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:21-cv-02158-RBD-DCI; (iii) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any

legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than 60 days from the Notice Date, to Class Counsel, Terence R. Coates, Markovits, Stock & DeMarco, LLC, 119 East Court Street, Suite 530, Cincinnati, Ohio 45202; and counsel for BioPlus, Christopher A. Wiech at Baker Hostetler, 1170 Peachtree Street, N.E., Suite 2400, Atlanta, Georgia 30309. The objector or his or her counsel may also file their Objection with the Court through the Court's ECF system, with service on Class Counsel and BioPlus's counsel, to be made through the ECF system. For all objections mailed to Class Counsel and BioPlus's Counsel, Class Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

5.2   Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings,

orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.      Settlement Class Certification**

6.1      The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**7.      Releases**

7.1    Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

7.2    Upon the Effective Date, BioPlus shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for enforcement of the Settlement Agreement. Any other claims or defenses BioPlus may have against such Persons including, without limitation, any claims based upon or arising out of any contractual, employment, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion,

settlement, or resolution of the Litigation are specifically preserved and shall not be affected by the preceding sentence.

7.3     Notwithstanding any term herein, neither BioPlus nor its Released Parties shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, and Class Counsel.

**8.      Class Counsel's Attorneys' Fees, Costs, and Expenses**

8.1     The Parties have agreed that, as part of the Settlement, the Court shall determine the amount of any award of attorneys' fees and costs.

8.2     Class Counsel shall submit a motion to the Court requesting attorneys' fees and costs no later than 14 days before the Objection and Opt-Out Deadlines.

8.3     BioPlus shall retain any and all rights to oppose any such filed motion(s) on any and all available grounds related to the amount of attorneys' fees and costs.

8.4     Any attorneys' fees and costs awarded by the Court shall be due and payable within 30 days after the Effective Date. Any attorneys' fees or costs awarded by the Court shall be paid by BioPlus. Such costs are subject to $1,175,000 Claims-Made Benefits cap.

**9.      Preliminary Approval Order and Publishing of Notice of Final Fairness Hearing**

9.1     Contemporaneously with Plaintiffs' Motion for Preliminary Approval, Class Counsel and BioPlus's Counsel shall jointly submit this Settlement Agreement to the Court, and Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order, including the timeline provided in Exhibit D in both terms and cost, requesting, *inter alia:*

a)      certification of the Settlement Class for settlement purposes only pursuant to ¶ 6.1;

b)      preliminary approval of the Settlement Agreement as set forth herein;

c)      appointment of Class Counsel as Settlement Class Counsel;

d)      appointment of Plaintiffs as Class Representatives;

e)      approval of the Short Form Notices to be mailed to Settlement Class Members in a form substantially similar to the one attached as Exhibits  B-1 and B-2 to this Settlement Agreement;

f)      approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit C to this Settlement Agreement, which, together with the Short Form Notices, shall include a fair summary of the Parties' respective litigation positions, statements that the settlement and

Notice are legitimate and that the Settlement Class Members are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)     approval of the Claim Forms to be used by Settlement Class Members to make a claim in a form substantially similar to the one attached as Exhibits A-1 and A-2 to this Settlement Agreement; and

h)     appointment of Kroll as the Settlement Administrator.

9.2.   The Short Form Notices, Long Form Notice, and Claim Forms have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of Notice.

**10.     Settlement Administration and Class Notice**

10.1   Notice shall be provided to Settlement Class Members by the Settlement Administrator as follows:

a)  *Class Member Information*: No later than 14 days after entry of the Preliminary Approval Order, BioPlus shall provide the Settlement Administrator with the name and last known physical address of each Settlement Class Member (collectively, "Class Member Information") that BioPlus possesses.

b)  The Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement or provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)  *Settlement Website*: Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information ("Settlement Website"). The Settlement Website shall include, in .pdf format and available for download,

the following: (i) the Short Form Notices; (ii) the Long Form Notice; (iii) the Claim Forms; (iv) the Preliminary Approval Order; (v) this Settlement Agreement; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form electronically. The Settlement Website shall remain active for at least 180 days after the Effective Date.

d)    *Short Form Notices:* Within 45 days after the entry of the Preliminary Approval Order ("Notice Date"), and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide Notice to the Settlement Class via mail to the postal address or, where possible, email to the email address in BioPlus's possession. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

e)      In the event that a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Form Notice to the forwarding address within a reasonable period of time after receiving the returned Short Form Notice;

f)      In the event that subsequent to the first mailing of a Short Form Notice, and at least 14 days prior to the Opt-Out Date and Objection Date, a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Form Notice within seven days of receiving such information. This shall be the final requirement for mailing;

g)   Publishing, on or before the Notice Date, the Claim Forms, Long Form Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

h)   A toll-free help line with an IVR system and a live call-back option shall be made available to provide Settlement Class Members with additional information about the settlement. The Settlement Administrator also will provide copies of the Long Form Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

i)   Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and BioPlus shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

j)   Sixty (60) days after the Notice Date, the Settlement Administrator shall send a Reminder Notice to Class Members for whom it has a valid email address.

10.2   The Settlement Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.1 and 2.2. The Settlement

Administrator shall provide Class Counsel and BioPlus reports as to both claims and distribution and Class Counsel and BioPlus have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process set forth in ¶ 2.4. All claims agreed to be paid in full by BioPlus shall be deemed valid.

10.3    Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within 30 days of the Effective Date.

10.4    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

10.5    No Person shall have any claim against the Settlement Administrator, BioPlus, Class Counsel, Plaintiffs, and/or BioPlus's Counsel based on distributions of benefits to Settlement Class Members.

10.6     *Establishment of Common Fund*. Within 30 days of the Final Approval Order, BioPlus shall deposit the sum of $1,025,000 into an account established and administered by the Settlement Administrator.

10.7     Non-Reversionary. The Common Fund is non-reversionary. As of the Effective Date, all rights of BioPlus in or to the Common Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 11.2.

10.8     Qualified Settlement Fund. The Parties agree that the Common Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. BioPlus and BioPlus's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Settlement Administrator. All risks related to the investment of the Common Fund shall be borne solely by the Common Fund and its Escrow Agent. Further, the Settlement Administrator, within the meaning of

Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Common Fund and paying from the Common Fund any taxes and tax-related expenses owed with respect to the Common Fund. The Parties agree that the Common Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Common Fund as a qualified settlement fund from the earliest date possible. The Settlement Administrator shall provide an accounting of any and all funds in the Common Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

10.9    Custody of Common Fund. The Common Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Common Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Common Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 11.2.

10.10   Use of the Common Fund. As further described in this Agreement, the Common Fund shall be used by the Settlement Administrator to pay for the following: (i) taxes and tax-related expenses, (ii) Valid Claim(s) by Common-Fund Settlement Class Members for Out-of-Pocket Losses; (iii) Valid Claim(s) by Common-Fund Settlement Class Members for Lost Time; and (iv) Valid Claims by

Common-Fund Settlement Class Members for Cash Payment. Following payment of all of the above expenses, any amount remaining in the Common Fund shall be distributed to the SSN Class Members, if feasible, or else paid to the Non-Profit Residual Recipient in accordance with Paragraph 10.12.   No amounts may be withdrawn from the Common Fund unless expressly authorized by this Agreement or approved by the Court.

10.11   Taxes and Representations. Taxes and tax-related expenses relating to the Common Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Common Fund without prior order of the Court. Further, the Common Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for taxes and tax-related expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Common Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Common Fund pursuant to this Agreement.

10.12   "Non-Profit Residual Recipient" means the 501(c)(3) entity jointly agreed upon by the Parties and approved by the Court. The Parties will jointly propose a potentially suitable Non-Profit Residual Recipient if necessary.

**11.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

11.1   The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

    a)    the Court has entered the Preliminary Approval Order and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 9.1;

    b)    BioPlus has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

    c)    the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

    d)    the Judgment has become Final, as defined in ¶ 1.14.

11.2   If all conditions specified in ¶ 11.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 11.4 unless Class Counsel and BioPlus's Counsel mutually agree in writing to proceed with the Settlement Agreement.

11.3    Within seven days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to BioPlus's Counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

11.4    In the event that the Settlement Agreement or the releases set forth in ¶¶ 7.1, 7.2, and 7.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs and expenses shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, BioPlus shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class above and shall not, at any time, seek

recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

### 12.    Miscellaneous Provisions

12.1   The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

12.2   The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

12.3   Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.4   The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.5   This Agreement contains the entire understanding between BioPlus and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings

between BioPlus and Plaintiffs in connection with the payment of the Litigation settlement. Except as otherwise provided herein, each party shall bear its own costs.

12.6    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

12.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

12.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

12.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

12.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit

to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

12.11   As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

12.12   All dollar amounts are in United States dollars (USD).

12.13   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void 90 days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until 180 days after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and BioPlus shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶¶ 2.1 or 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than 180 days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

12.14   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

/s/ *Christopher A. Wiech*

Christopher A. Wiech
Chelsea M. Lamb
**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400
Atlanta, Georgia 30309-7676
Tel.: 404.459.0050
Fax: 404.459.5734
cwiech@bakerlaw.com
clamb@bakerlaw.com

Julie Singer Brady
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
Tel.: 407.649.4000
Fax: 407.841.0168
jsingerbrady@bakerlaw.com

***Counsel for Defendant***

/s/ *Terence R. Coates*

Terence R. Coates
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Tel.: (513) 651-3700
tcoates@msdlegal.com
dgould@msdlegal.com

John A. Yanchunis
Ryan D. Maxey
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com

Joseph M. Lyon
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, Ohio 45208
Tel.: (513) 381-2333
jlyon@thelyonfirm.com

J. Gerard Stranch, IV
**STRANCH, JENNINGS &
GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com

Gary E. Mason
**MASON LLP**
5301 Wisconsin Avenue, NW. Suite
305
Washington, DC 20016
Phone: (202) 429-2290
gmason@masonllp.com

M. Anderson Berry
Gregory Haroutunian
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

*Counsel for Plaintiffs and the
Settlement Class*

# EXHIBIT A-1

<table>
<tr><td>**Your claim must be submitted online or <u>postmarked by</u>:** <mark>MONTH DD, 2023</mark></td><td>**BIOPLUS SETTLEMENT CLAIM FORM**<br><br>*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*<br>United States District Court for the Middle District of Florida</td><td>**BIOPLUS-A-2**</td></tr>
</table>

### USE THIS FORM
### <u>ONLY IF YOU ARE A SSN CLASS MEMBER</u>

### <u>GENERAL INSTRUCTIONS</u>

If you received Notice of this Settlement, the Settlement Administrator has identified you as a SSN Class Member whose personally identifiable information and/or protected health information, including your Social Security number, may have been exposed to unauthorized third parties as a result of the Data Incident experienced by BioPlus in 2021 (the "Data Incident"). You may submit a claim for Settlement benefits, outlined below.

**The easiest way to submit a claim is online at <mark>www.XXXX.com,</mark>** or you can complete and mail this Claim Form to the mailing address below.

*Settlement Administrator*
<mark>Admin mailing address</mark>

**To receive any of these benefits, you must submit the Claim Form below by <mark><u>\<\<DATE\>\></u>.</mark>**

<u>**You may submit a claim for the following benefits:**</u>

1) **Pro-Rata Cash Payment**:  SSN Class Members may submit a Claim for a cash payment of $50.
   a) The Settlement Administrator will make pro rata settlement payments, which may increase or decrease the $50 Cash Payment, subject to the total amount of the Common Fund ($1,025,000).
   b) SSN Class Members who select this $50 Cash Payment may combine this benefit with a valid claim for Expense Reimbursement below.

   ***-AND-***

2) **Expense Reimbursement**:

   a) <u>Documented Out-of-Pocket Expenses:</u> You may submit a claim for reimbursement for certain documented out-of-pocket expenses, not to exceed $7,500 per SSN Class Member, that were incurred as a result of the Data Incident. You must attest that the Documented Out-of-Pocket Expenses are fairly traceable to the Data Incident and not incurred due to some other event or reason.

   b) <u>Time Spent Dealing With the Data Incident:</u> You have the right to make a claim for up to three (3) hours of lost time, at $25/hour, for time spent dealing with the Data Incident. This amount is subject to the $7,500 per member cap.

Please read the claim form carefully and answer all questions. Failure to provide the required information could result in a denial of your claim.

Please note: the Settlement Administrator may contact you to request additional documentation to process your claim. For more information and complete instructions, please visit <mark>**[Settlement website].**</mark>

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

**Your claim must be submitted online or <u>postmarked by</u>:
MONTH DD, 2023**

# BIOPLUS SETTLEMENT CLAIM FORM

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*

United States District Court for the Middle District of Florida

**BIOPLUS-A-2**

**Settlement benefits will be distributed only after the Settlement is approved by the Court.**

## I.      CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

**First Name**

**Last Name**

**Street Address**

**City**

**State**

**Zip Code**

**Email Address (optional)**

**Telephone Number**

## II.  PROOF OF CLASS MEMBERSHIP

☐        Check this box to certify that you were notified of the Data Incident and/or Settlement, including that your Social Security number may have been involved in the Data Incident

Enter the Notice ID Number provided on your Postcard Notice. Your Notice ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you lost or do not know your unique Notice ID, you may contact the Settlement Administrator at **[insert email address]**:

**Notice ID Number**

## III.  PRO RATA CASH PAYMENT

☐        Check this box if you elect to receive a cash payment of $50.

This amount may increase or decrease on a pro rata basis, depending upon the number of claims filed and approved.

**BIOPLUS SETTLEMENT CLAIM FORM**

<table>
<tr>
<td>

**Your claim must be submitted online or <u>postmarked by</u>:**

<mark>MONTH DD, 2023</mark>

</td>
<td>

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*

United States District Court for the Middle District of Florida

</td>
<td>

**BIOPLUS-A-2**

</td>
</tr>
</table>

## IV. REIMBURSEMENT FOR LOST TIME

All SSN Class Members who have spent time dealing with the Data Incident may claim up to three (3) hours for lost time at a rate of $25.00 per hour. Any payment for lost time is included in the $7,500 cap per SSN Class Member (no documentation is required).

Hours claimed (up to 3 hours – check one box)          □ 1 Hour  □ 2 Hours  □ 3 Hours

◯       I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Incident and not incurred due to some other event or reason.

***In order to receive this payment, you <u>must</u> briefly describe what you did and how the claimed lost time was spent related to the Data Incident.*** **Please use the space below to describe your lost time related to the Data Incident.**

_____

_____

_____

## V. REIMBURSEMENT FOR DOCUMENTED OUT-OF-POCKET EXPENSES

SSN Class Members may submit a claim for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $7,500 per SSN Class Member, that were incurred as a result of the Data Incident:

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ◯ Out-of-pocket expenses incurred as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | ☐ ☐ / ☐ ☐ / ☐ ☐<br>(mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ |

**Examples of Supporting Third Party Documentation:** *Telephone bills, cell phone bills, gas receipts, postage receipts, bank account statements reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplary. You may make claims for any documented out-of-pocket losses that you believe are fairly traceable to the Data Incident and not incurred due to some other event or reason.*

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td colspan="2" style="text-align:center"><strong>Your claim must be submitted online or <u>postmarked by</u>:</strong><br><mark>MONTH DD, 2023</mark></td><td colspan="2" style="text-align:center"><strong>BIOPLUS SETTLEMENT CLAIM FORM</strong><br><br>*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*<br>United States District Court for the Middle District of Florida</td><td style="text-align:center"><strong>BIOPLUS-A-2</strong></td></tr>
</table>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased after October 25, 2021 that you attest under penalty of perjury were caused or otherwise incurred as a result of the Data Incident. | [ \| \| / \| \| / \| \| ] (mm/dd/yy) | $ [ \| \| \| \| \| . \| \| ] |

**Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.*

| | | |
|---|---|---|
| ○ Reimbursement for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Incident. | [ \| \| / \| \| / \| \| ] (mm/dd/yy) | $ [ \| \| \| \| \| . \| \| ] |

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

**YOU MUST SUBMIT DOCUMENTATION OF YOUR OUT-OF-POCKET EXPENSES**

○ I attest and affirm to the best of my knowledge and belief that any claimed expenses were incurred as a result of the Data Incident and not incurred due to some other event or reason.

## VI. PAYMENT SELECTION

Please select **<u>one</u>** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## VII. MEDICARE BENEFICIARY

Were you a Medicare beneficiary during the time period of October 25, 2021 to the present? (check one)

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

# BIOPLUS SETTLEMENT CLAIM FORM

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*
United States District Court for the Middle District of Florida

**BIOPLUS-A-2**

☐ Yes        ☐ No

If you are a Medicare beneficiary receiving more than $750 under this settlement, the Settlement Administrator may need to contact you for additional information related to Medicare reporting requirements.

## VIII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Signature | Printed Name | Date |

# EXHIBIT A-2

**BIOPLUS SETTLEMENT CLAIM FORM**

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No.
6:21-cv-02158-RBD-DCI*
United States District Court for the Middle District of Florida

<table>
<tr><td>Your claim must be<br>submitted online or<br><u>postmarked by</u>:<br>MONTH DD, 2023</td></tr>
</table>

**BIOPLUS-A-1**

**USE THIS FORM
ONLY IF YOU ARE A NON-SSN CLASS MEMBER**

**GENERAL INSTRUCTIONS**

If you received Notice of this Settlement, the Settlement Administrator has identified you as a Non-SSN Class Member whose personally identifiable information and/or protected health information may have been exposed to unauthorized third parties as a result of the Data Incident experienced by BioPlus in 2021 ("Data Incident"). Your Social Security number was <u>not</u> involved in the Data Incident.

**The easiest way to submit a claim is online at www.XXXX.com, or you can complete and mail this Claim Form to the mailing address below.**

*Settlement Administrator*
Admin mailing address

**To receive any of these benefits, you must submit the Claim Form below by <<DATE>>.**

**You may submit a claim for the following benefits:**

1) <u>Expense Reimbursement</u>: You may be eligible for reimbursement for certain documented out-of-pocket expenses, not to exceed $750 per Non-SSN Class Member, that were incurred as a result of the Data Incident. You must attest that your monetary losses are fairly traceable to the Data Incident and not incurred due to some other event or reason.

2) <u>Time Spent Dealing With the Data Incident</u>: You may be eligible to make a claim for up to two (2) hours of lost time, at $25/hour, for time spent dealing with the effects of the Data Incident. This amount is subject to the $750 per member cap.

Please read the claim form carefully and answer all questions. Failure to provide the required information could result in a denial of your claim.

Please note: the Settlement Administrator may contact you to request additional documentation to process your claim. For more information and complete instructions, please visit **[Settlement website].**

**Settlement benefits will be distributed only after the Settlement is approved by the Court.**

**I.  CLASS MEMBER NAME AND CONTACT INFORMATION**

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

## BIOPLUS SETTLEMENT CLAIM FORM

| | BIOPLUS-A-1 |
|---|---|
| **Your claim must be submitted online or <u>postmarked by:</u> MONTH DD, 2023** | *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI* United States District Court for the Middle District of Florida |

**First Name**

**Last Name**

**Street Address**

**City**

**State**

**Zip Code**

**Email Address (optional)**

**Telephone Number**

## II. PROOF OF CLASS MEMBERSHIP

☐        Check this box to certify that you were notified of the Data Incident and/or Settlement.

Enter the Notice ID Number provided on your Postcard Notice. Your Notice ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you lost or do not know your Notice ID, you may contact the Settlement Administrator at [**insert email address**]

**Notice ID Number**

## III. REIMBURSEMENT FOR LOST TIME

All Non-SSN Class Members who have spent time dealing with the Data Incident may claim up to two (2) hours for lost time at a rate of $25.00 per hour. Any payment for lost time is included in the $750 cap per Non-SSN Class Member (no documentation is required).

Hours claimed (up to 2 hours – check one box)        ☐ 1 Hour ☐ 2 Hours

◯        I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Incident and not incurred due to some other event or reason.

*In order to receive this payment, you <u>must</u> briefly describe what you did and how the claimed lost time was spent related to the Data Incident.* **Please use the space below to describe your lost time related to the Data Incident.**

_____

_____

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**
<mark>MONTH DD, 2023</mark>

</td><td>

### BIOPLUS SETTLEMENT CLAIM FORM

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*

United States District Court for the Middle District of Florida

</td><td>

**BIOPLUS-A-1**

</td></tr>
</table>

_____

_____

## IV. REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

All Non-SSN Class Members may submit a claim for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $750 per Non-SSN Class Member, that were incurred as a result of the Data Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ⭕ Out-of-pocket expenses incurred as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ |

**Examples of Supporting Third Party Documentation:** *Telephone bills, cell phone bills, gas receipts, postage receipts, bank account statements reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplary. You may make claims for any documented out-of-pocket losses that you believe are reasonably related and fairly traceable to the Data Incident and not incurred due to some other event or reason.*

| | | |
|---|---|---|
| ⭕ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased after October 25, 2021 that you attest under penalty of perjury were caused or otherwise incurred as a result of the Data Incident. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ |

**Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.*

| | | |
|---|---|---|
| ⭕ Reimbursement for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Incident. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

### BIOPLUS SETTLEMENT CLAIM FORM

**Your claim must be submitted online or <u>postmarked by</u>:**
**MONTH DD, 2023**

*Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC, Case No. 6:21-cv-02158-RBD-DCI*

United States District Court for the Middle District of Florida

**BIOPLUS-A-1**

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

**YOU MUST SUBMIT DOCUMENTATION OF YOUR OUT-OF-POCKET EXPENSES**

☐   I attest and affirm to the best of my knowledge and belief that any claimed expenses were incurred as a result of the Data Incident and not incurred due to some other event or reason.

## V.  PAYMENT SELECTION

Please select <u>**one**</u> of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __   or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## VI.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

| _____ | _____ | _____ |
|---|---|---|
| Signature | Printed Name | Date |

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

EXHIBIT B-1

**A proposed Settlement has been reached in a class action lawsuit known as *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, Case No. 6:21-cv-02158-RBD-DCI, filed in the United States District Court for the Middle District of Florida**

A settlement has been reached in a class action lawsuit against BioPlus Specialty Pharmacy Services, LLC arising out of a 2021 cybersecurity incident involving BioPlus (the "Data Incident"). Plaintiffs allege that the Data Incident resulted in unauthorized access by a third party to data stored on BioPlus's network, which they allege included the personally identifiable information ("PII") and protected health information ("PHI") of BioPlus's current and former patients. BioPlus disagrees with Plaintiffs' claims and denies any wrongdoing.

**You are receiving this notice because you may be a SSN Class Member.** You are a SSN Class Member if you were notified that your PII/PHI, including Social Security Number, may have been impacted in the Data Incident.

Under the terms of the Settlement, you may submit a Claim for the following benefits:
- **Cash Payment:** $50 cash payment, adjusted up or down depending upon the number of claims approved;
- **Documented Out-of-Pocket Loss Expense Reimbursement**: Reimbursement for up to $7,500 for documented out-of-pocket expenses, AND
- **Lost Time Reimbursement**: Reimbursement for up to three (3) hours of lost time spent dealing with the Data Incident (at $25 per hour).

SSN Class Members, like yourself, are able to submit a Claim for the settlement benefits described above from the non-reversionary $1,025,000 SSN Settlement Fund. There are also Class Members who did not have their Social Security Numbers impacted in the Data Incident. They have the ability to submit a Claim against a separate $1,175,000 reversionary settlement fund *i.e.*, the Non-SSN Settlement Fund. There are roughly 218,750 Non-SSN Class Members and 130,438 SSN Class Members. Class Counsel's attorneys' fees not to exceed $733,333.33 or 1/3 of the combined total of the Non-SSN Settlement Fund and SSN Settlement Fund ($2,200,000), Class Counsel's litigation expenses not to exceed $15,000, and the costs of Settlement Administration, subject to Court approval, will be deducted from the Non-SSN Settlement Fund in addition to Non-SSN Settlement Class Members' valid Claims for up to $750 for Documented Out-of-Pocket Expenses and Lost Time. The easiest way to submit a claim is online at www.XXXXX.com using your unique Notice ID found on the front of this postcard. To be eligible, you must complete and submit a Valid Claim Form, postmarked or submitted online by [INSERT DATE].

You can exclude yourself or object to the settlement, including Class Counsel's request for attorneys' fees and expenses, on or before [INSERT DATE]. If you do not exclude yourself from the Settlement, you will remain in the class and give up the right to sue BioPlus, BioPlus's Related Entities, or the Released Parties for the Released Claims in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a Claim, exclude yourself, or object to the Settlement are available at www.XXXXXX.com.**

The Court will hold the Final Fairness Hearing at [INSERT] to consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for an award of attorneys' fees of up to $733,333.33 plus case expenses. Defendant reserves the right to object to Class Counsel's request for fees and expenses. The Court will also determine whether the Settlement should be approved. You may attend the hearing, at your own expense, but you do not have to.

Class Counsel are John Yanchunis and Ryan Maxey of Morgan & Morgan; Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco; M. Anderson Berry and Gregory Haroutunian of the Arnold Law Firm; Joseph M. Lyon of The Lyon Firm; Gerard Stranch of Stranch, Jennings & Garvey; Nicholas Migliaccio of Migliaccio Rathod; and Gary E. Mason of Mason LLP.

This is only a summary. For additional information, including a copy of the Settlement Agreement, Long Form Notice, Claim Form, Class Counsel's Application for Attorneys' Fees and Expenses, and other documents, visit [INSERT WEBSITE] or call [INSERT PHONE #].

# EXHIBIT B-2

**A proposed Settlement has been reached in a class action lawsuit known as *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, Case No. 6:21-cv-02158-RBD-DCI, filed in the United States District Court for the Middle District of Florida**

A settlement has been reached in a class action lawsuit against BioPlus Specialty Pharmacy Services, LLC arising out of a 2021 cybersecurity incident involving BioPlus (the "Data Incident"). Plaintiffs allege that the Data Incident resulted in unauthorized access by a third party to data stored on BioPlus's network, which allegedly included the personally identifiable information ("PII") and protected health information ("PHI") of BioPlus's current and former patients. BioPlus disagrees with Plaintiffs' claims and denies any wrongdoing.

**You are receiving this notice because you may be a Non-SSN Class Member.** You are a Non-SSN Class Member if you were notified that your PII/PHI, **not including** your Social Security number, may have been impacted in the Data Incident.

Under the terms of the Settlement, you may submit a Claim for the following benefits:
- **Documented Out-of-Pocket Loss Expense Reimbursement**: Reimbursement for up to $750 for documented out-of-pocket expenses.
- **Lost Time Reimbursement**: Reimbursement for up to two (2) hours of lost time spent dealing with the Data Incident (at $25 per hour).

Non-SSN Class Members, like yourself, are able to submit a Claim for the settlement benefits described above from a $1,175,000 Non-SSN Settlement Fund. There are also Class Members who had their Social Security numbers impacted in the Data Incident. They have the ability to submit a Claim against a separate $1,025,000 non-reversionary settlement fund *i.e.*, the SSN Settlement Fund. There are roughly 218,750 Non-SSN Class Members and 130,438 SSN Class Members. Class Counsel's attorneys' fees not to exceed $733,333.33 or 1/3 of the combined total of the Non-SSN Settlement Fund and SSN Settlement Fund ($2,200,000), Class Counsel's litigation expenses not to exceed $15,000, and the costs of Settlement Administration, subject to Court approval, will be deducted from the Non-SSN Settlement Fund in addition to Non-SSN Settlement Class Members' valid Claims for up to $750 for Documented Out-of-Pocket Expenses and Lost Time, as identified above. The easiest way to submit a Claim is online at www.XXXXX.com using your unique Notice ID found on the front of this postcard. To be eligible, you must complete and submit a Valid Claim Form, postmarked or submitted online by [INSERT DATE].

You can exclude yourself or object to the settlement, including Class Counsel's request for attorneys' fees and expenses, on or before [INSERT DATE]. If you do not exclude yourself from the Settlement, you will remain in the class and give up the right to sue BioPlus, BioPlus' Related Entities, or the Released Parties for the Released Claims in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a Claim, exclude yourself, or object to the Settlement are available at www.XXXXXX.com.**

The Court will hold the Final Fairness Hearing at [INSERT] to consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for an award of attorneys' fees of up to $733,333.33 plus case expenses. Defendant reserves the right to object to Class Counsel's request for fees and expenses. Any award for attorneys' fees and expenses for Class Counsel will be paid out of the funds available for Non-SSN Class Members. The Court will also determine whether the Settlement should be approved. You may attend the hearing, at your own expense, but you do not have to.

Class Counsel are John A. Yanchunis and Ryan D. Maxey of Morgan & Morgan; Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco; M. Anderson Berry and Gregory Haroutunian of the Arnold Law Firm; Joseph M. Lyon of The Lyon Firm; Gerard Stranch of Stranch, Jennings & Garvey; Nicholas Migliaccio of Migliaccio Rathod; and Gary E. Mason of Mason LLP.

This is only a summary. For additional information, including a copy of the Settlement Agreement, Long Form Notice, Claim Form, Class Counsel's Application for Attorneys' Fees and Expenses, and other documents, visit [INSERT WEBSITE] or call [INSERT PHONE #].

# EXHIBIT C

<u>**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**</u>

**If You Were Notified Of A Data Incident Involving BioPlus Specialty Pharmacy Services, LLC In 2021, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

- A proposed Settlement has been reached in a class action lawsuit, titled *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, 6:21-cv-02158-RBD-DCI ("Lawsuit"), filed in the United States District Court for the Middle District of Florida.

- This Lawsuit arises out of a cybersecurity incident involving BioPlus that occurred between October 25, 2021 and November 11, 2021 (the "Data Incident"). Plaintiffs allege that the Data Incident resulted in unauthorized access by a third party to data stored on BioPlus's network, and that this included the personally identifiable information ("PII") and protected health information ("PHI") of BioPlus's current and former patients. BioPlus disagrees with Plaintiffs' claims and denies any wrongdoing.

- The Settlement Class consists of two groups – those who were notified that their Social Security numbers were potentially accessed in the Data Incident ("SSN Class Members"), and those who were notified that their Social Security numbers were not involved in the Data Incident ("Non-SSN Class Members"). The available Settlement benefits depend upon which group you are in.

- **SSN Class Members** may submit a claim for the following benefits from the Settlement: (1) $50 cash payment, adjusted up or down depending upon the number of claims approved, *and* (2) reimbursement for up to $7,500 for (a) documented out-of-pocket expenses, and (b) up to three (3) hours of lost time spent dealing with the Data Incident (at $25 per hour). You must submit a Claim Form to receive these benefits.

- **Non-SSN Class Members** may submit a claim for reimbursement for up to $750 for (a) documented out-of-pocket expenses and (b) reimbursement for up to two (2) hours of lost time spent dealing with the Data Incident (at $25 per hour). You must submit a Claim Form to receive these benefits.

- You are included in this Settlement as a Settlement Class Member if you were notified that your PII/PHI may have been impacted in the Data Incident.

- Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.

- The Court in charge of this case must still decide whether to approve the Settlement, including Class Counsel's request for attorneys' fees and expense reimbursement. No Settlement benefits will be provided until the Court approves the Settlement and it becomes final.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | **You must submit a valid Claim Form to receive Settlement benefits.** Claim Forms must be submitted online by [INSERT DATE] or, if mailed, postmarked no later than [INSERT DATE]. |
| **Do Nothing** | If you do nothing, you remain in the Settlement. You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.** This is the only option that allows you to keep your right to sue about the claims in this Lawsuit. You will not receive any Settlement benefits from the Settlement. Your request to exclude yourself must be postmarked no later than [INSERT DATE]. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement or Class Counsel's request for attorneys' fees should not be approved. Objections must be postmarked no later than [INSERT DATE]. You will still be bound by the Settlement if the Court approves it. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details. The Final Fairness Hearing is scheduled for [INSERT DATE]. |

### WHAT THIS NOTICE CONTAINS

**Basic Information**.............................................................................................. **Pages 4-5**

    1.   How do I know if I am affected by the Lawsuit and Settlement?
    2.   What is this case about?
    3.   Why is there a Settlement?
    4.   Why is this a class action?
    5.   How do I know if I am included in the Settlement?

**The Settlement Benefits**.................................................................................. **Pages 5-7**

    6.   What does this Settlement provide?
    7.   How to submit a Claim?
    8.   What am I giving up as part of the Settlement?
    9.   Will the Class Representatives receive compensation?

**Exclude Yourself**.............................................................................................. **Page 8**

    10.  How do I exclude myself from the Settlement?
    11.  If I do not exclude myself, can I sue Defendant or the Released Parties later?
    12.  What happens if I do nothing at all?

**The Lawyers Representing You** ................................................................**Page 8-9**

13.   Do I have a lawyer in the case?
14.   How will the lawyers be paid?

**Objecting to the Settlement** ................................................................**Page 9-10**

15.   How do I tell the Court that I do not like the Settlement?
16.   What is the difference between objecting and asking to be excluded?

**The Final Fairness Hearing** ................................................................**Page 10-11**

17.   When and where will the Court decide whether to approve the Settlement?
18.   Do I have to come to the hearing?
19.   May I speak at the hearing?

**Do Nothing** ................................................................**Page 11**

20.   What happens if I do nothing?

**Get More Information** ................................................................**Page 11**

21.   How do I get more information about the Settlement?

BASIC INFORMATION

### 1.  How do I know if I am affected by the Lawsuit and Settlement?

You are a Settlement Class Member if you were notified that your personal information may have been impacted by the Data Incident.

The Settlement Class specifically excludes: (i) BioPlus and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contender* to any such charge.

This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.

### 2.  What is this case about?

This case is known as *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:21-cv-02158-RBD-DCI, filed in the United States District Court for the Middle District of Florida. The judge is the Honorable Roy Dalton, Jr. The persons who sued are called the "Plaintiffs" and the company they sued, BioPlus Specialty Pharmacy Services, LLC, is known as the "Defendant" in this case. BioPlus will be called "Defendant" in this Notice.

Plaintiffs filed a lawsuit against Defendant, individually, and on behalf of anyone whose PII or PHI was potentially impacted as a result of the Data Incident. This lawsuit arises from a cybersecurity incident occurring between October 25, 2021 and November 11, 2021. On November 11, 2021, BioPlus, a specialty pharmacy, detected suspicious activity on its IT network; it immediately responded by isolating and securing its systems. BioPlus investigated the incident and determined that a criminal actor had gained access to its network, possibly including access to files containing certain patient information.

Plaintiffs allege that as a result of the Data Incident, the cybercriminals gained access to Plaintiffs' and the Settlement Class Members' PII and PHI, which may have included patient names, addresses, dates of birth, Social Security numbers, medical record numbers, current/former member ID numbers, claims information, diagnoses and/or prescription information.

After BioPlus investigated the Data Incident, those persons whose PII and PHI may have been impacted by the Data Incident were notified on or about December 10, 2021. Subsequently, this lawsuit and others ultimately consolidated with this lawsuit were filed asserting claims against Defendant relating to the Data Incident.

Defendant denies any wrongdoing or liability, and no court or other entity has made any judgment or other determination of any wrongdoing, or that any law has been violated. Defendant denies these and all other claims made in the Litigation. By entering into the Settlement, Defendant is not admitting any wrongdoing.

**3.  Why is there a Settlement?**

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Settlement Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at [INSERT].

**4.  Why is this a class action?**

In a class action, one or more people called a "Class Representative" sue on behalf of all people who have similar claims. All of these people together are the "Settlement Class" or "Settlement Class Members."

**5.  How do I know if I am included in the Settlement?**

You are included in the Settlement if you were notified of the Data Incident. This Settlement is not open to the general public. If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit [INSERT], call toll free [INSERT], or write to [INSERT].

THE SETTLEMENT BENEFITS

**6.  What does this Settlement provide?**

This Settlement includes two separate groups. The Settlement provides for up to $1,175,000 in benefits for the Non-SSN Class Members, and a $1,025,000 non-reversionary common fund for the SSN Class Members.  The total potential value of this Settlement is capped at $2,200,000.

The proposed Settlement will provide the following benefits to Settlement Class Members:

**SSN Settlement Fund:** The SSN Class Members may submit a Claim for SSN Settlement Fund benefits on or before the Claims Deadline. These benefits include:

$50 Pro-Rata Cash Payment: SSN Class Members may submit a Claim for a $50 cash payment. The Settlement Administrator will make pro rata settlement payments, which may increase or decrease the $50 Cash Payment, subject to the total amount of the SSN Settlement Fund.

Lost-Time Claims: SSN Class Members may submit a Claim for up to three (3) hours of time spent remedying issues related to the Data Incident at $25 per hour if the Settlement Class Member (1) attests that any claimed lost time was spent related to and arising out of the Data Incident, and (2) provides a brief general description of how the claimed lost time was spent. No documentation need be submitted in connection with Lost-Time Claims. Claims for Lost-Time are included in the $7,500 individual cap on out-of-pocket expense reimbursement.

5

Out-of-Pocket Expense Claims: Common-Fund Settlement Class Members may submit a Claim for reimbursement of up to $7,500 in documented out-of-pocket costs reasonably and fairly traceable to the Data Incident. Out-of-Pocket-Expense Claims can include, without limitation, (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency; (iv) credit monitoring costs that were incurred on or after October 25, 2021 that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; (v) and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

SSN Class Members with Out-of-Pocket-Expense Claims must submit documentation and attestation supporting their claims.  This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

Out-of-Pocket Expense Claims must include an attestation that the monetary losses were caused or otherwise incurred as a result of the Data Incident and were not incurred due to some other event or reason.

**Non-SSN Settlement Fund:** Non-SSN Class Members may submit a Claim on or before the Claims Deadline for benefits from the Non-SSN Settlement Fund. These Benefits include:

Lost-Time Claims: Non-SSN Class Members may submit a Claim for up to two (2) hours of time spent related to the Data Incident at $25 per hour if the Settlement Class Member (1) attests that any claimed lost time was spent related to and arising out of the Data Incident, and (2) provides a brief general description of how the claimed lost time was spent. No documentation need be submitted in connection with Lost-Time Claims.  Claims for Lost-Time are included in the $750 individual cap on out-of-pocket expense reimbursement.

Out-of-Pocket Expense Claims: Non-SSN Class Members may submit a Claim for reimbursement of up to $750 in documented out-of-pocket losses reasonably and fairly traceable to the Data Incident. Out-of-Pocket-Expense Claims can include, without limitation, (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency; (iv) credit monitoring costs that were incurred on or after October 25, 2021 that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and (v) miscellaneous expenses such as notary, data

charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

Non-SSN Class Members with Out-of-Pocket-Expense Claims must submit documentation and attestation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

Out-of-Pocket Expense Claims must include an attestation that the monetary losses were caused or otherwise incurred as a result of the Data Incident and were not incurred due to some other event or reason.

### 7.   How to submit a claim?

All claims will be reviewed by the Settlement Administrator to determine whether the Claim is a Valid claim. You must file a Claim Form to get Settlement benefits from the proposed Settlement. Claim Forms must be submitted online by [INSERT DATE] or postmarked no later than [INSERT DATE]. You can download a Claim Form at [INSERT] or you can call the Settlement Administrator at [INSERT] for a Claim Form.

### 8.   What am I giving up as part of the Settlement?

If you stay in the Settlement, you will be eligible to receive benefits, but you will not be able to sue BioPlus, its Related Entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers (collectively, the "Released Parties") regarding the claims in this case.

The Settlement Agreement, which includes all provisions about settled claims, and releases, including Released Claims and Released Parties, is available at [INSERT WEBSITE].

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

### 9.   Will the Class Representatives receive additional compensation?

No, the Class Representatives do not seek compensation in excess of what they are entitled to under the Settlement as regular members of the Settlement Class.

**EXCLUDE YOURSELF**

**10. How do I exclude myself from the Settlement?**

If you do not want to be included in the Settlement, you must send a timely written request for exclusion to the Post Office Box established by the Settlement Administrator, stating your full name, address, and telephone number. Your request must clearly manifest your intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

Your written request for exclusion must be postmarked no later than **[INSERT]** to:

[INSERT MAILING ADDRESS]

Instructions on how to submit a request for exclusion are available at [INSERT WEBSITE] or from the Claims Administrator by calling [INSERT PHONE #].

If you exclude yourself, you will not be able to receive any Settlement benefits from the Settlement, and you cannot object to the Settlement or Class Counsel's request for attorneys' fees and expenses at the Final Approval Hearing. You will not be legally bound by anything that happens in the Lawsuit, and you will keep your right to sue Defendant on your own for the claims that this Settlement resolves.

**11. If I do not exclude myself, can I sue Defendant or the Released Parties later?**

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties (listed in Question 8) for the Released Claims, as set forth in the Settlement Agreement.

**12. What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any Settlement benefits from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Defendant or the Released Parties (listed in Question 8) about the Released Claims in this case at any time.

**THE LAWYERS REPRESENTING YOU**

**13. Do I have a lawyer in the case?**

Yes. The Court has appointed John A. Yanchunis and Ryan D. Maxey of Morgan & Morgan; Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod, LLP; Joseph M. Lyon of The Lyon Firm, LLC; J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC; Gary E. Mason of Mason LLP,

and M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation (collectively called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one third (or $733,333.33) of the combined total of the Non-SSN Settlement Fund and the SSN Settlement Fund ($2,200,000.00), and for out-of-pocket case expenses in addition to this amount. BioPlus reserves all rights to oppose the requested attorneys' fees and expenses, including reserving its right to file an opposition to Plaintiffs' motion for attorneys' fees and expenses. A copy of Class Counsel's Motion for Attorneys' Fees and Expenses be posted on the Settlement Website, [INSERT WEBSITE], before the deadline to object to the Settlement.

Any award for attorneys' fees and expenses for Class Counsel will be paid out of the funds available for the Non-SSN Settlement Fund. The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

OBJECTING TO THE SETTLEMENT

## 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court telling it why you do not think the Settlement should be approved.

Objections must be submitted in writing and include all the following information:

a)  the objector's full name and address;

b)  the case name and docket number: *Gilbert et al. v. BioPlus Specialty Pharmacy Services, LLC*, No. 6:21-cv-02158-RBD-DCI;

c)  a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable;

d)  the identity of any and all counsel representing the objector in connection with the objection (if none, please state this);

e)  a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

f)  the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than [INSERT DATE], to Class Counsel and BioPlus's Counsel at the addresses below:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Terence R. Coates<br>**Markovits, Stock & DeMarco, LLC**<br>119 E. Court Street, Suite 530<br>Cincinnati, OH 45202 | Christopher A. Wiech<br>Chelsea M. Lamb<br>**BAKER & HOSTETLER LLP**<br>1170 Peachtree Street, Suite 4200<br>Atlanta, GA 30309 |

You may also file your objection with the Court through the Court's ECF system, with service on Class Counsel and BioPlus's Counsel to be made through the ECF system.

If you do not submit your objection with all requirements, or if your objection is not received by [INSERT DATE], you will be considered to have waived all objections and will not be entitled to speak at the Final Fairness Hearing.

**16. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

THE FINAL FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Fairness Hearing at [INSERT DATE, TIME, LOCATION] or by remote or virtual means as ordered by the Court.  The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check [INSERT WEBSITE] for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, is in the best interests of Settlement Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider Class Counsel's request for an award of attorneys' fees and expenses.

After the Final Fairness Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 18. Do I have to come to the hearing?

No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Fairness Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

## 19. May I speak at the hearing?

Yes. You can speak at the Final Fairness Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

### DO NOTHING

## 20. What happens if I do nothing?

If you do nothing, you will not get any Settlement benefits, you will not be able to sue for the claims in this case, and you release the Released Claims, as set forth in the Settlement Agreement, against Defendant and the Released Parties described in Question No. 8.

### GET MORE INFORMATION

## 21. How do I get more information about the Settlement?

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the Complaint, the Court's Preliminary Approval Order, Class Counsel's Motion for Attorneys' Fees and Expenses, and more, please visit [INSERT WEBSITE] or call [INSERT PHONE]. You may also contact the Settlement Administrator at [INSERT MAILING ADDRESS].

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

# EXHIBIT D

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Notice Date | +45 days |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +92 days |
| Objection Date | +105 days |
| Opt-Out Date | +105 days |
| Reminder Notice | +105 days |
| Claims Deadline | +135 days |
| | |
| **Final Approval Hearing** | + 150 (at minimum) from Order Granting Preliminary Approval |
| Motion for Final Approval | +14 days before Final Approval Hearing |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +30 days of the Effective Date |
| Payment of Claims to Class Members | +30 days of the Effective Date |
| Deactivation of Settlement Website | +180 days of the Effective Date |