# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| BONNIE GILBERT, WENDY BRYAN, PATRICIA WHITE, DAVID GATZ, CRYSTAL HULLET, LORI GRADER, DARYL SWANSON, STEPHEN GABBARD, ALICIA DUNN, and on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>BIOPLUS SPECIALTY PHARMACY SERVICES, LLC,<br><br>             Defendant. | Case No. 6:21-cv-02158-RBD-DCI |

**DECLARATION OF TERENCE R. COATES IN SUPPORT OF
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Terence R. Coates, hereby state that the following is true and accurate and
based on my personal knowledge:

1.     I am the managing partner of the law firm Markovits, Stock &
DeMarco, LLC ("MSD"). I am one of the proposed Class Counsel in this case
representing Plaintiffs Bonnie Gilbert, Wendy Bryan, Patricia White, David Gatz,
Crystal Hullet, Lori Grader, Daryl Swanson, Stephen Gabbard, and Alicia Dunn
(collectively, "Plaintiffs") and the putative Class and have monitored my firm's

participation in this matter from 2021 to the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling many class action cases, and the events of this litigation.

2.     As a member of proposed Class Counsel, my firm has been centrally involved in all aspects of this litigation from the initial investigation to the present. I have been one of the primary points of contact for Plaintiffs and Class Counsel with counsel for Defendant BioPlus Specialty Pharmacy Services, LLC ("Defendant" or "BioPlus"). Class Counsel and Defendant's counsel are experienced in class action litigation. Class Counsel thoroughly investigated this case including researching and drafting potential causes of action against BioPlus, finalizing and filing three amended class action complaints, opposing a motion to dismiss, evaluating the strengths and weaknesses of Plaintiffs' claims, resolving the case on a classwide basis, negotiating and drafting the Settlement Agreement, and preparing the preliminary approval filings.

3.     I have been practicing law since 2009 and have extensive experience handling complex class action cases. I am currently the Secretary of the Cincinnati Bar Association's Board of Trustees and the Executive Director of the Potter Stewart Inn of Court. I am a frequent speaker for the plaintiffs' perspective on recent trends in data privacy class action cases having recently spoken at the Trial Lawyers of Mass Tort's conference in Big Sky, Montana in March 2023, the NetDiligence

2

cybersecurity summit in Ft. Lauderdale, Florida in February 2023, and the Beazley

Insurance national conference in Ft. Lauderdale, Florida in March 2023.

4.    I am currently participating as a member of plaintiffs' counsel in over

70 data breach and data privacy cases pending around the country, including serving

as co-lead counsel or a member of plaintiffs' counsel in: *In re Cerebral, Inc. Privacy*

*Practices*, No. 2:23-cv-1803 (C.D. Cal.) (court-appointed interim class counsel in a

pixel privacy class action); *Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-

CV-022 (W.D. Tex.) (court-appointed interim class counsel); *Abrams v. Savannah*

*College of Art & Design*, No. 1:22-CV-04297 (N.D. Ga.) (court-appointed class

counsel for preliminarily-approved class action settlement); *Phelps v. Toyotetsu*

*North America*, No. 6:22-cv-00106 (E.D. Ky.) (court-appointed class counsel for a

$400,000 non-reversionary common fund class action settlement); *John v. Advocate*

*Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (court-appointed interim co-

lead class counsel for plaintiffs that has reached a class-wide settlement in principle);

*In re U.S. Vision Data Breach Litigation*, No. 22-cv-06558 (D.N.J.) (court-appointed

interim co-lead class counsel for plaintiffs); *Tucker v. Marietta Area Health Care,*

*Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (court-appointed co-lead class counsel for

plaintiffs for a preliminarily-approved $1.75 million non-reversionary common fund

settlement); *Vansickle v. C.R. England*, No. 22-cv-00374 (D. Utah; Doc. 22, August

16, 2022) (court-appointed interim co-lead counsel in consolidated data breach class

action); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio; Doc. 15, July 20, 2022) (court-appointed interim lead counsel for preliminarily-approved $1.75 million non-reversionary common fund class action settlement); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga.; Doc. 16, May 12, 2022) (court-appointed interim class counsel); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.) (court-appointed interim class counsel); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio) (court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio) (court-approved liaison counsel); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.) (Plaintiffs' Executive Committee); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.) (Plaintiffs' Steering Committee); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (court-appointed co-lead counsel for preliminarily-approved class action settlement); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.) (plaintiffs' counsel in approved $4.35 million common fund settlement); *In re CaptureRx Data Breach Litigation*, No. SA-21-CV-00523 (W.D. Tex.) (plaintiffs' counsel in a $4.75 million common fund settlement); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.; Plaintiffs' Executive Committee); *Medina v. PracticeMax Inc.*, No. CV-22-01261 (D. Ariz.) (court-appointed Executive Leadership Committee); *Bae v. Pacific*

*City Bank*, No. 21STCV45922 (Los Angeles County Superior Court) (co-lead counsel for a $700,000 non-reversionary common fund settlement); and *In re Pawn America Consumer Data Breach Litigation*, No. 0:21-cv-02554 (D. Minn.) (plaintiffs' counsel).

5.      Federal courts have recognized me and my firm as experienced in handling complex cases including class actions. *See, e.g., Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Schellhorn v. Timios, Inc.*, No. 2:221-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigation consumer protection class actions …."); *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role.").

## <u>THE SETTLEMENT</u>

6.      The Settlement Agreement is the result of hard bargaining and was negotiated at arm's-length. It will resolve claims arising from the Data Incident that occurred between October 25, 2021 and November 11, 2021, impacting the private information of approximately 349,188 BioPlus patients.

7.      The Settlement provides benefits to two group of Settlement Class Members: those who were notified that their Social Security numbers were potentially accessed in the Data Incident ("SSN Class Members"), and those who were notified that their Social Security numbers were not involved in the Data Incident ("Non-SSN Class Members").

8.      SSN Class Members may submit a claim for the following benefits from the Settlement: (1) $50 cash payment, adjusted up or down depending upon the number of claims approved, *and* (2) reimbursement for up to $7,500 for (a) documented out-of-pocket expenses, and (b) up to three (3) hours of lost time spent dealing with the Data Incident (at $25 per hour). The claims of SSN Class Members will be paid from a $1,025,000 non-reversionary common ("SSN Settlement Fund"). This SSN Settlement Fund shall be dedicated solely to the payment of claims by SSN Class Members and will not be reduced by any other claims, attorneys' fees, or expenses. No money from the SSN Settlement Fund will revert to Defendant.

9.      Non-SSN Class Members may submit a claim for reimbursement for up to $750 for (a) documented out-of-pocket expenses and (b) reimbursement for up to two (2) hours of lost time spent dealing with the Data Incident (at $25 per hour). Claims for lost time and expenses by Non-SSN Class Members may be stacked up to a maximum of $750. The claims of Non-SSN Class Members will be paid from a separate $1,175,000 reversionary settlement fund ("Non-SSN Settlement Fund").

10.     BioPlus has agreed to pay Court-approved attorneys' fees and expenses and settlement administration expenses from the Non-SSN Settlement Fund. Class Counsel has agreed not to request attorneys' fees exceeding $733,333.33, which represents one-third (1/3) of the combined maximum value of the Settlement Funds ($2,200,000). Class Counsel has also agreed not to seek reimbursement of expenses in excess of $15,000. Defendant has reserved the right to challenge any request for fees or expenses by Class Counsel.

11.     The Settlement was reached only after several months of negotiation and exchanges of Rule 408 discovery. The parties first attempted mediation on August 23, 2022 under the supervision of Rodney A. Max from Upchurch Watson White & Max Mediation Group. ECF No. 46. However, the parties were unable to reach an agreement. *Id.* The parties returned to mediation on April 12, 2023. Following hours of hard bargaining on both sides, the parties reached the settlement in principle that is the subject of this motion for preliminary approval. The

Settlement in principle was not finalized in the form of a full settlement agreement until June 30, 2023. Based on these facts, there was no collusion or illegality within the settlement process.

12.    The informal discovery conducted for settlement purposes in this case included BioPlus producing information about the Data Incident, the number of individuals impacted, the notice program, and the incident response. Through the receipt of this information, Plaintiffs were able to properly evaluate the potential for damages on a class-wide basis. Class Counsel are not aware of any individual cases related to the Data Incident being pursued against BioPlus.

## THE NOTICE IS ADEQUATE

13.    The proposed Notices are adequate, providing all Class Members with Notice via Regular U.S. mail and/or email to the extent emails are available. The Notices clearly and concisely inform Settlement Class Members of the Settlement Benefits (including the difference between benefits available to SSN Class Members and Non-SSN Class Members), and that all Settlement Class Members will have to submit a claim for the Settlement Benefits after the Court grants Final Approval. The Notices will inform Class Members that they may do nothing and be bound by the settlement, that they may object to the Settlement, or they may exclude themselves by completing the exclusion form and not be bound by the settlement.

8

## THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE
## AND PRELIMINARY APPROVAL IS APPROPRIATE

14.     Class Counsel and Counsel for BioPlus believe the Settlement is fair,

reasonable, and adequate. Plaintiffs were also informed about the status of settlement

negotiations and remained engaged as the Class Representatives at all times during

the pendency of this matter. They support the terms of the Settlement and have no

conflicts with the Class they seek to represent.

15.     In my experience in handling over 70 data breach class action cases for

plaintiffs, I am confident in concluding that the settlement is fair and reasonable in

that it provides all Settlement Class Members with significant potential

compensation, including reimbursement for what will likely be the full amount of

any individual's actual losses or expenses fairly traceable to the Data Incident. I am

also aware that my co-counsel have significant experience litigating data breach

class actions for plaintiffs and also opine that the Settlement is fair and reasonable.

My firm's biography is attached to this Declaration as **Exhibit A**. The biographies

of the other members of Class Counsel may be located at:

     a.  John A. Yanchunis of Morgan & Morgan:

       https://www.forthepeople.com/attorneys/john-yanchunis/

     b.  Ryan D. Maxey of Morgan & Morgan:

       https://www.forthepeople.com/attorneys/ryan-dennis-maxey/

c. Nicholas A. Migliaccio of Migliaccio & Rathod, LLP;

https://classlawdc.com/team/nicholas-migliaccio/

d. Joseph M. Lyon of The Lyon Firm, LLC:

https://www.thelyonfirm.com/joseph-lyon/

e. J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC:

https://stranchlaw.com/our-attorneys/j-gerard-stranch-iv/

f. Gary E. Mason of Mason LLP:

https://www.masonllp.com/staff/gary-e-mason/

g. M. Anderson Berry of Clayeo C. Arnold, A Professional Corp.:

https://www.justice4you.com/m-anderson-berry.html

h. Gregory Haroutunian of Clayeo C. Arnold, A Professional Corp.:

https://www.justice4you.com/gregory-haroutunian.html

## CLASS COUNSEL'S PROPOSED ATTORNEYS' FEES & EXPENSES ARE REASONABLE AND SHOULD PERMIT PRELIMINARY APPROVAL

16.     Class Counsel agree not to request attorneys' fees exceeding $733,333.33, which represents one-third (1/3) of the combined maximum value of the Settlement Funds ($2,200,000). Class Counsel has also agreed not to seek reimbursement of expenses in excess of $15,000. Defendant has reserved the right to challenge any request for fees or expenses by Class Counsel.

10

17.     Class Counsel have undertaken this case on a contingency fee basis and have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses.

18.     Following Preliminary Approval, Class Counsel will file a separate motion with relevant facts and authorities supporting their request for fees and expenses. Settlement Class Members will have an opportunity to review this motion before the deadline to object or opt out of the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on June 30, 2023, at Cincinnati, Ohio.

*/s/ Terence R. Coates*
Terence R. Coates

# EXHIBIT A

MARKOVITS
STOCK
DeMARCO

## MARKOVITS, STOCK & DeMARCO, LLC

Markovits, Stock & DeMarco, LLC is a boutique law firm whose attorneys have successfully represented clients in some of the largest and most complex legal matters in U.S. history. Our deep and varied experience extends from representing businesses, public pension funds, and individuals in federal and state courts across the nation, to successfully arguing appeals at the highest levels of the legal system – including prevailing before the United States Supreme Court. This broad-based litigation and trial expertise, coupled with no overstaffing and overbilling that can typify complex litigation, sets us apart as a law firm. But expertise is only part of the equation.

"Legal success comes only from recognizing a client's goals and being able to design and effectively execute strategies that accomplish those goals. We understand that every client is different, which is why we spend so much time learning what makes them tick."

As the business world becomes increasingly complex, you need to be able to trust your law firm to help you make the right decisions. Whether you seek counsel in resolving a current conflict, avoiding a future conflict, or navigating the sometimes choppy state and local government regulatory waters, the lawyers at Markovits, Stock & DeMarco have both the experience and track record to meet your legal needs.

# BILL MARKOVITS

Bill Markovits practices in the area of complex civil litigation, with an emphasis on securities, antitrust, RICO, and False Claims Act cases. Bill began his career as a trial lawyer at the U.S. Department of Justice Antitrust Division in Washington, D.C. He continued a focus on antitrust after moving to Cincinnati, where he became an adjunct professor of antitrust law at the University of Cincinnati Law School. Bill has been involved in the past in a number of notable cases, including: the Choice Care securities, antitrust and RICO class action in which the jury awarded over $100 million to a class of physicians; a fraud/RICO case on behalf of The Procter & Gamble Company, which resulted in a settlement of $165 million; an eleven year antitrust and RICO class action against Humana, including appeals that reached the United States Supreme Court, which culminated in a multi-million dollar settlement; and a national class action against Microsoft, in which he was chosen from among dozens of plaintiffs' attorneys to depose Bill Gates. More recently, Bill was: a lead counsel for plaintiffs in the Fannie Mae Securities Litigation that settled for $153 million; a lead counsel for plaintiffs in a class action against Duke Energy that settled for $80.75 million; and lead counsel for plaintiff in *Collins v. Eastman Kodak*, where he successfully obtained a preliminary injunction against Kodak on an antitrust tying claim. Based upon the result in *Collins*, Bill was a 2015 finalist in the American Antitrust Institute's Antitrust Enforcement Awards under the category "Outstanding Antitrust Litigation Achievement in Private Law Practice."

Bill has received a number of awards and designations, including current and past designations as a "Best Lawyer in America" in the fields of antitrust and commercial litigation.

## Education:

Harvard Law School, J.D. (1981), cum laude

Washington University, A.B. (1978), Phi Beta Kappa

## Significant and Representative Cases:

- *Collins v. Eastman Kodak*, United States District Court, Southern District of Ohio. Lead counsel representing Collins in antitrust tying claim, resulting in preliminary injunction against Kodak.
- *In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, United States District Court, District of Columbia. Co-lead counsel representing Ohio pension funds in securities class action that settled for $153 million.
- *Ohio Employees Retirement System v. Federal Home Loan Mortgage, aka Freddie Mac, et al.*, United States District Court, Northern District of Ohio, Eastern Division. Special counsel representing Ohio pension fund in securities class action.
- *Williams v. Duke Energy et al.*, United States District Court, Southern District of Ohio. Representing class of energy consumers against energy provider in complex antitrust and RICO class action that settled for $80.75 million.
- *In Re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, United States District Court, Central District of California. Former member of economic loss lead counsel committee, representing class of consumers in litigation relating to sudden acceleration.
- *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, United States District Court, Eastern District of Louisiana. RICO workgroup coordinator in class action resulting from oil spill.
- *In Re Microsoft Corp. Litigation*, United States District Court, District of Maryland. Member of co-lead counsel firm in antitrust class action.
- *Procter & Gamble v. Amway Litigation*, United States District Court, Southern District of Texas, at

Houston; United States District Court, District of Utah, at Salt Lake City. Member of trial team representing Procter & Gamble in obtaining jury verdict against Amway distributors relating to spreading of false business rumors.

- *United States ex rel. Brooks v. Pineville Hospital*, United States District Court, Eastern District of Kentucky. One of the lead counsel in successful False Claims Act litigation.
- *Procter & Gamble v. Bankers' Trust Litigation*, United States District Court, Southern District of Ohio. Co-counsel in successful $165 million settlement; developed the RICO case.
- *United States ex rel. Watt v. Fluor Daniel*, United States District Court, Southern District of Ohio. Co- lead counsel of successful False Claims Act case.
- *Forsyth v. Humana*, United States District Court, District of Nevada. Represented class of consumers in antitrust and RICO class action; successfully argued antitrust appeal; co-chaired successful Supreme Court appeal on RICO.
- *In Re Choice Care Litigation*, United States District Court, Southern District of Ohio, Western Division. Trial attorney on largest antitrust/RICO/securities verdict.

### Presentations & Publications:

- *"Implications of Sixth Circuit Collins Inkjet Corp. v. Eastman Kodak Co. Decision,"* American Bar Association panel discussion, December 10, 2015
- "*Defining the Relevant Market in Antitrust Litigation,*" Great Lakes Antitrust Seminar, October 29, 2010
- "*Beyond Compensatory Damages – Tread, RICO and The Criminal Law Implications,*" HarrisMartin's Toyota Recall Litigation Conference, Part II, May 12, 2010
- "*The Racketeer Influenced and Corrupt Organizations Act (RICO),*" HarrisMartin's Toyota Recall Litigation Conference, March 24, 2010
- "*The False Claims Act: Are Healthcare Providers at Risk?,*" presentation to Robert Morris College Second Annual Health Services Conferences, Integrating Health Services: Building a Bridge to the 21st Century, Moon Township, PA, October 9, 1997
- "*The Federal False Claims Act: Are Health Care Providers at Risk?,*" (Co-Speaker), Ohio Hospital Association, April, 1996
- "*A Focus on Reality in Antitrust,*" Federal Bar News & Journal, Nov/Dec 1992
- "*Using Civil Rico and Avoiding its Abuse,*" Ohio Trial, William H. Blessing, co-author, Summer 1992
- "*Antitrust in the Health Care Field,*" a chapter published in Legal Aspects of Anesthesia, 2nd ed., William H. L. Dornette, J.D., M.D., editor
- *Antitrust Law Update, National Health Lawyers Health Law Update and Annual Meeting (Featured Speaker)*, San Francisco, California, 1989

### Affiliations:

- American Association for Justice
- American Bar Association
- American Trial Lawyers Association
- Cincinnati Bar Association
- District of Columbia Bar Association (non-active)

- Hamilton County Trial Lawyers Association
- National Health Lawyers Association
- Ohio State Bar Association
- Ohio Trial Lawyers Association

### Courts Admitted:

- District of Columbia (1981)
- State of Ohio (1983)
- United States District Court, Southern District of Ohio (1983)
- U.S. Court of Appeals, 6th Circuit (1991)
- U.S. Court of Appeals, 9th Circuit (1995)
- U.S. Supreme Court, United States of America (1998)
- United States District Court, Northern District of Ohio (2008)

# PAUL M. DEMARCO

Paul M. De Marco is a founding member of Markovits, Stock & DeMarco, LLC. He is an Appellate Law Specialist certified by the Ohio State Bar Association and has handled more than 100 appellate matters, including cases before the Supreme Court of the United States, six federal circuits, and five state supreme courts.

Paul's practice also focuses on class actions and other complex litigation. During his 25 years in Cincinnati, Paul has been actively involved in successful litigation related to the U.S. Department of Energy's Fernald nuclear weapons plant, the Lucasville (Ohio) prison riot, Lloyd's of London, defective Bjork-Shiley heart valves, Holocaust-related claims against Swiss and Austrian banks, the Bankers Trust derivative scheme, Cincinnati's Aronoff Center, the San Juan DuPont Plaza Hotel fire, the Procter & Gamble Satanism rumor, the Hamilton County (Ohio) Morgue photograph scandal, defective childhood vaccines, claims arising from tire delamination and vehicle roll-over, racial hostility claims against one of the nation's largest bottlers, fiduciary breach claims against the nation's largest pharmacy benefits manager, and claims arising from the heatstroke death of NFL lineman Korey Stringer.

## Education:

College of Wooster (B.A., 1981)

University of the Pacific, McGeorge School of Law (J.D. with distinction, 1983)

University of Cambridge (1985)

## Significant and Representative Appeals:

- *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 129 S.Ct. 1896 (2009): In a case involving allegations of a fraudulent tax shelter and accounting and legal malpractice, the Supreme Court of the United States resolved the issue of the rights of non-parties to arbitration clauses to enforce them against parties, which had divided the circuits.
- *Williams v. Duke Energy International, Inc.*, 681 F.3d 788 (6th Cir. 2012): In a case brought as a class action by a utility's ratepayers for selective payment of illegal rebates to certain ratepayers, the United States Court of Appeals for the Sixth Circuit reversed a district court's dismissal of the excluded ratepayers' claims that the utility violated the RICO statute, the Robinson-Patman Act, and the state corrupt practices act.
- *State of Ohio ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 865 N.E.2d 1289 (2007): The Supreme Court of Ohio upheld the appellate court's issuance of the extremely rare writ of procedendo commanding the trial judge to proceed with a trial on claims he mistakenly believed the previous jury had resolved.
- *Chesher v. Neyer*, 477 F.3d 784 (6th Cir. 2007): The Sixth Circuit affirmed the district court's rejection of qualified immunity defenses raised by the Hamilton County (Ohio) coroner, his chief deputy, the coroner's administrative aide, a staff pathologist, and a pathology fellow in connection with the Hamilton County Morgue photo scandal.
- *State of Ohio ex rel. CNG Fin'l Corp. v. Nadel*, 111 Ohio St.3d 149, 855 N.E.2d 473 (2006): The Supreme Court of Ohio affirmed the appellate court's refusal to issue a writ of procedendo commanding the trial judge to halt injunctive proceedings and decide an arbitration issue.
- *Smith v. North American Stainless, L.P.*, 158 F. App'x. 699 (6th Cir. 2006): Rejecting a steel manufacturer's "up-the-ladder" immunity defense, the United States Court of Appeals for the Sixth Circuit reversed the district court's dismissal of a wrongful claim brought by the widow and estate of a steel worker killed on the job.
- *Procter & Gamble Co. v. Haugen*, 427 F.3d 727 (10th Cir. 2005): The United States Court of Appeals for the Tenth Circuit reversed the district court's dismissal of Procter & Gamble's Lanham Act claims, paving the way for a $19.25 million jury verdict in its favor.

- *Roetenberger v. Christ Hospital*, 163 Ohio App.3d 555, 839 N.E.2d 441 (2005): In this medical malpractice action for wrongful death, the Ohio court of appeals reversed the jury verdict in the physician's favor due to improper arguments by his attorney and instructional error by the trial court.
- *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 768 N.E.2d 1136 (2002): In this landmark decision on public nuisance law, the Supreme Court of Ohio held that a public nuisance action could be maintained for injuries caused by a product — in this case, guns — if the design, manufacture, marketing, or sale of the product unreasonably interferes with a right common to the general public.
- *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 766 N.E.2d 977 (2002): In an employee's intentional tort action alleging that his employer subjected him to long-term beryllium exposure, the Supreme Court of Ohio ruled that a cause of action for an employer intentional tort accrues when the employee discovers, or by the exercise of reasonable diligence should have discovered, the workplace injury and — here's the ground-breaking part of the holding — the wrongful conduct of the employer.
- *Wallace v. Ohio Dep't of Commerce*, 96 Ohio St.3d 266, 773 N.E.2d 1018 (2002): In overturning the dismissal of a suit against the state fire marshal for negligently inspecting a fireworks store that caught fire killing nine people, the Supreme Court of Ohio held for the first time that the common-law public-duty rule cannot be applied in cases against the state in the Ohio Court of Claims.

**Courts Admitted:**

- Ohio
- California
- Supreme Court of the United States
- U.S. Court of Appeals, 1st Circuit
- U.S. Court of Appeals, 4th Circuit
- U.S. Court of Appeals, 5th Circuit
- U.S. Court of Appeals, 6th Circuit
- U.S. Court of Appeals, 7th Circuit
- U.S. Court of Appeals, 9th Circuit

- U.S. Court of Appeals, 10th Circuit
- U.S. District Court, Southern District of Ohio
- U.S. District Court, Northern District of Ohio
- U.S. District Court, Eastern District of California
- U.S. District Court, Central District of California
- U.S. District Court, Southern District of California
- U.S. Court of Federal Claims

Since 1994, Paul has worked to promote professional responsibility among lawyers, serving first as a member and eventually the chair of the Cincinnati Bar Association Certified Grievance Committee, and since 2008 as a member of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.

He also is a member of many legal organizations, including the Federal Bar Association, Ohio State Bar Association, Cincinnati Bar Association, American Bar Association, ABA Council of Appellate Lawyers, and the Cincinnati Bar Association's Court of Appeals Committee.

Paul was one of the founders of the Collaborative Law Center in Cincinnati, a member of Cincinnati's Citizens Police Review Panel (1999-2002), and a member of Cincinnati CAN and its Police and Community Subcommittee following the 2001 riots.

He currently serves on the boards of the Ohio Justice and Policy Center and the Mercantile Library and on the advisory committees of the Fernald Community Cohort and the Fernald Workers' Medical Monitoring Program.

**TERENCE R. COATES**

Terry Coates is Markovits, Stock & DeMarco's managing partner. His legal practice focuses on personal injury law, sports & entertainment law, business litigation and class action litigation. Mr. Coates is currently participating as a member of plaintiffs' counsel in the over 60 data breach cases pending around the country, including serving as co-lead counsel for plaintiff in *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio) (court-appointed co-lead counsel for preliminarily-approved $1.75 million class action settlement); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (court-appointed co-lead counsel for preliminarily-approved class action settlement); *Abrams v. Savannah College of Art & Design*, No. 1:22-CV-04297 (N.D. Ga.) (court-appointed co-lead counsel for preliminarily-approved class action settlement); *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (court-appointed interim co-lead class counsel); *In re U.S. Vision Data Breach Litigation*, No. 22-cv-06558 (D. N.J.) (same); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (same); *Rodriguez v. Professional Finance Company, Inc.*, No. 1:22-cv-1679 (D. Colo.) (same); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga.; court-appointed interim class counsel); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.; court-appointed interim class counsel).

**Education:**

Thomas M. Cooley Law School, J.D. (2009)

Wittenberg University, B.A. (2005)

**Representative Cases:**

- *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) ($3.65 million common fund settlement finally approved on September 20, 2022);
- *Bowling v. Pfizer, Inc.*, Case No. C-1-95-256 (S.D. Ohio) (Class Counsel for recipients of defective mechanical heart valves including continued international distribution of settlement funds to remaining class members);
- *Collins Inkjet Corp. v. Eastman Kodak Company*, Case No. 1:13-cv-0664 (S.D. Ohio) (trial counsel for Collins in an antitrust tying claim resulting in a preliminary injunction against Kodak – a decision that was affirmed by the Sixth Circuit Court of Appeals: *Collins Inkjet Corp. v. Eastman Kodak Co.*, 781 F.3d 264 (6th Cir. 2015));
- *Day v. NLO, Inc.*, Case No. C-1-90-67 (S.D. Ohio) (Class Counsel for certain former workers at the Fernald Nuclear weapons facility; the medical monitoring program continues);
- *In re Fannie Mae Securities Litigation*, Case No. 1:04-cv-1639 (D.D.C.) (represented Ohio public pension funds as Lead Plaintiffs in Section 10b securities class action litigation resulting in a $153 million court-approved settlement);
- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (represented plaintiffs and prepared class representatives for deposition testimony resulting in a court-approved settlement valued in excess of $1.5 billion);
- *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-1967 (N.D. Cal.) (represented NCAA, Olympic, and NBA legend, Oscar Robertson, in antitrust claims against the National Collegiate Athletic Association (NCAA), Collegiate Licensing Company (CLC), and Electronic Arts (EA) leading to a $40 million settlement with EA and CLC and the Court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law);
- *Linneman v. Vita-Mix Corp.*, Case No. 14-cv-748, (S.D. Ohio) (Class Counsel for a nationwide class of Vita-Mix blender consumers resulting in a nationwide settlement);
- *Ryder v. Wells Fargo Bank, N.A.*, No. 1:2019-cv-00638 (S.D. Ohio) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members);

- *Shy v. Navistar International Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (class counsel for a class action settlement valued at over $742 million);
- *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) ($4.25 million common fund settlement finally approved on June 28, 2022);
- *Williams v. Duke Energy*, Case No. 1:08-cv-00046 (S.D. Ohio) (representing class of energy consumers against energy provider in complex antitrust and RICO class action resulting in the court granting final approval of an $80.875 million settlement); and,
- *Ohio Public Employees Retirement System v. Federal Home Loan Mortgage ("Freddie Mac")*, Case No. 4:08-cv-0160 (N.D. Ohio) (Special counsel for Ohio public pension funds as Lead Plaintiffs in Section 10b-5 securities class action litigation).

**Community Involvement:**

- Cincinnati Academy of Leadership for Lawyers (CALL), Class XXI, *Participant* (2017)
- Cincinnati Chamber of Commerce C-Change Class 9, *Participant* (2014)
- Cincinnati Chamber of Commerce, *Ambassador* (2014)
- Cincinnati Athletic Club, *President* (2015-2017)
- Cincinnati Athletic Club, *Vice President* (2014-2015)
- Cincinnati Bar Association, Board of Trustees, *Trustee* (2019-present)
- Cincinnati Bar Association, Board of Trustees, *Executive Committee* (2021-present)
- Cincinnati Bar Association, *Membership Services & Development Committee* (2014-present)
- Cincinnati Bar Association, *Run for Kids Committee* (2009-2014)
- Cincinnati Bar Association, *Social Committee* (2011-2014)
- Clermont County Humane Society, *Board Member* (2014-2017)
- Clermont County Humane Society, *Legal Adviser* (2017-present)
- Potter Stewart Inn of Court, *Executive Director* (2021-present)
- Summit Country Day High School, *Mock Trial Adviser* (2013-2016)
- St. Peter in Chains, Cathedral, Parish Council (2014-2017)

**Recognitions:**

- Super Lawyers, Rising Star (2014 – present)
- Best Lawyers in America, Commercial Litigation (2020-present)
- Wittenberg University Outstanding Young Alumnus Award (2014)
- Cincinnati Bar Association, Young Lawyers Section Professionalism Award (2015)
- JDRF Bourbon & Bow Tie Bash, *Young Professional (Volunteer) of the Year* for the Flying Pig Marathon (2016)
- Cincinnati Business Courier, Forty Under 40 (2019)
- Cincinnati Cystic Fibrosis Foundation, Cincinnati's Finest Honoree (2020)

**Courts Admitted:**

- State of Ohio (2009)
- United States District Court, Southern District of Ohio (2010)
- United States District Court, Northern District of Ohio (2010)
- United States District Court, Eastern District of Michigan (2021)
- United States District Court, District of Colorado (2022)
- United States District Court, Eastern District of Wisconsin (2022)
- United States District Court, Western District of Michigan (2023)
- United States Court of Appeals, Sixth Circuit (2018)

## JUSTIN C. WALKER

Justin C. Walker is Of Counsel at Markovits, Stock & DeMarco. Justin's practice areas are focused on complex civil litigation and constitutional law, with an emphasis on consumer fraud and defective products. Before joining Markovits, Stock & DeMarco in April 2019, Justin practiced at the Finney Law Firm, a boutique law firm specializing in complex litigation and constitutional law. At the beginning of his legal career, Justin served as a judicial extern for Senior United States District Judge Sandra S. Beckwith before taking a full-time position as a law clerk and magistrate in the Hamilton County Ohio Court of Common Pleas for the Honorable Norbert A. Nadel. After completing his clerkship, Justin took a position as a prosecutor, serving as first chair for multiple jury trials. Justin then entered private practice, shifting his practice to focus on litigation matters.

### Education:

University of Cincinnati, J.D. (2005)

Miami University, B.S. (2001)

### Courts Admitted:

- State of Ohio (2005)
- U.S. Court of Appeals, 6th Circuit (2017)
- U.S. District Court, Southern District of Ohio (2008)
- U.S. Bankruptcy Court, Southern District of Ohio (2009)

### Representative Cases:

- *Linneman v. Vita-Mix Corp.*, Case No. 15-cv-748, United States District Court, Southern District of Ohio (Co-Class Counsel for a nationwide class of Vita-Mix blender consumers resulting in a nationwide settlement).
- *Baker v. City of Portsmouth*, Case No. 1:14-cv-512, 2015 WL 5822659 (S.D. Ohio Oct. 1, 2015) (Co-Counsel for a class of property owners, the Court ruled that City violated the Fourth Amendment when it required property owners to consent to a warrantless inspection of their property or face a criminal penalty where not valid exception to the warrant requirement exists).
- *E.F. Investments, LLC v. City of Covington, Kentucky*, Case No. 17-cv-00117-DLB-JGW, United States District Court, Eastern District of Kentucky (Lead Counsel on case brought on behalf of local property owners, contending that City's rental registration requirements violated the Fourth Amendment resulting in a settlement).
- *State of Ohio ex rel. Patricia Meade v. Village of Bratenahl*, 2018-04409, Supreme Court State of Ohio (Co-Counsel on behalf of local taxpayer contending that Defendant's violated Ohio Open Meetings Law).
- *Dawson v. Village of Winchester*, United States District Court, Southern District of Ohio (Lead Counsel represented Plaintiff claiming Federal Civil Rights violations due to unconstitutional arrest and detainment).

### Affiliations and Presentations:

- Cincinnati Bar Association
- Clermont County Bar Association
- American Association for Justice
- "Municipal Bankruptcy: Chapter 9 – Should Cincinnati Consider Filing for Bankruptcy"
- "Ohio CLE Introduction to Bankruptcy for Lawyers CLE"

**CHRISTOPHER D. STOCK**

Chris's legal practice focuses on securities class action and multi-district products liability litigation, as well as appellate advocacy. Serving as a judicial law clerk for Ohio Supreme Court Justice Terrence O'Donnell gave Chris invaluable insight into how courts synthesize and deconstruct legal arguments. Since then, Chris has briefed and argued numerous cases before the United States Court of Appeals for the Sixth Circuit, the Ohio Supreme Court, and Ohio appellate courts, including obtaining a rare summary reversal from the United States Supreme Court.

Chris also served as both Deputy First Assistant Attorney General and Deputy State Solicitor for Ohio Attorney General Jim Petro. In these positions, Chris was principal counsel to the Attorney General on a wide variety of legal and policy-oriented issues, including numerous constitutional and regulatory matters arising from state agencies, boards, and commissions. Prior to his service in state government, Chris was an attorney at a 500-lawyer nationally-recognized law firm.

He received multiple designations as an Ohio Super Lawyers "Rising Star." This distinction is awarded to less than 2.5 percent of Ohio attorneys under the age of 40.

**Education:**

The Ohio State University, Moritz College of Law, J.D. (2002)

The Ohio State University, BA (1997)

**Significant Cases:**

- *In re Fannie Mae Securities Litigation,* Case No. 1:04-cv-1639 (D.D.C.). Representing Ohio public pension funds as Lead Plaintiffs in Section 10b-5 securities class action litigation.
- *Ohio Public Employees Retirement System v. Freddie Mac, et al.,* Case No. 4:08-cv-160 (N.D. Ohio). Representing Ohio public pension funds as Lead Plaintiffs in Section 10b-5 securities class action litigation.
- *Williams v. Duke Energy,* Case No.: 1:08-CV-00046 (S.D. Ohio). Representing class of energy consumers against energy provider in complex antitrust and RICO class action.
- *Slaby v. Wilson,* Hamilton County Court of Common Pleas. Lead trial counsel representing two private individuals who were falsely accused by a County Commissioner of murdering their child and covering up the child's death (as well as sexual abuse of child).
- *Kelci Stringer, et al. v. National Football League, et al.,* United States District Court, Southern District of Ohio, Western Division. Represented professional football player against NFL and helmet manufacturer in wrongful death/products liability litigation related to professional football player's death.
- *Susan B. Anthony List v. Driehaus,* United States District Court, Southern District of Ohio, Western Division. Represented former Congressman in defamation action against organization who published false statements about former Congressman's voting record and alleged influence over organization's commercial activities.
- *Mitchell v. Esparza,* Case No. 02-1369 (United States Supreme Court). Obtained summary reversal of Sixth Circuit decision on Eighth Amendment capital sentencing issue.
- *Cleveland Bar Association v. CompManagement, Inc.,* Case No. 04-0817 (Ohio Supreme Court). Represented the State of Ohio as amicus in landmark workers' compensation lawsuit.

**Presentations:**

- Class Action Boot Camp: The Basics and Beyond (2012).
- Harris Martin Toyota Sudden Unintended Acceleration Litigation Conference: TREAD Act Liability and Toyota (2010).
- Harris Martin BP Oil Spill Litigation Conference: The RICO Act's Application to the BP Oil Spill (2010).

**Affiliations:**

- Ohio State Bar Association
- Cincinnati Bar Association

**Courts Admitted:**

- State of Ohio (2002)
- United States District Court, Southern District of Ohio (2003)
- Sixth Circuit Court of Appeals, Ohio (2003)
- United States District Court, Northern District of Ohio (2007)

## DYLAN J. GOULD

Dylan is an associate attorney at Markovits, Stock & DeMarco. Dylan's practice primarily focuses on class action and complex civil litigation with an emphasis on cases involving consumer fraud and data privacy. He also has experience with matters related to sports & entertainment, personal injury, commercial law, civil conspiracy, and civil litigation under the RICO Act. At the University of Cincinnati College of Law, where he spent multiple semesters on the Dean's Honors List, Dylan was selected to the Trial Practice and Moot Court teams, participating in mock trial and appellate court competitions with law students across the country. Upon graduation, Dylan joined Markovits, Stock & DeMarco, where he quickly gained valuable experience in nearly every facet of the litigation process while skillfully guiding several cases to final judgment, including as a court appointed member of class counsel in multiple actions gaining final approval of class action settlement. In recognition of his achievements, Dylan was named an Ohio Super Lawyers Rising Star in 2021 and 2023. Aside from his litigation practice, Dylan is also a Certified Contract Advisor with the National Football League Players Association.

### Education:

University of Cincinnati, J.D. (2018)

University of Colorado at Boulder, B.A. (2015)

### Courts Admitted:

- State of Ohio (2018)

- United States District Court, Southern District of Ohio (2019)

- United States District Court, Northern District of Ohio (2022)

- United States District Court, Eastern District of Wisconsin (2022)

- United States Court of Appeals, Sixth Circuit (2023)

### Representative Cases:

- *Compound Property Management LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 2140981 (S.D. Ohio Feb. 21, 2023) (granting contested class certification of claims related to complex real estate lending scheme in civil RICO action and appointing Mr. Gould as a member of class counsel);
- *Voss v. Quicken Loans*, No. A 2002899, 2023 WL 1883124 (Feb. 8, 2023 Ohio Com.Pl.) (granting contested class certification of action under Ohio Revised Code § 5301.36 and appointing Mr. Gould as member of class counsel);
- *Benedetto v. The Huntington National Bank*, No. A1903532 (Hamilton County, Ohio Court of Common Pleas) (served as member of class counsel in class action related to untimely mortgage releases that recently received final approval of class action settlement);
- *Engle v. Talbert House*, No. A2103650 (Hamilton County Court of Common Pleas, Ohio) (court appointed member of class counsel in data breach action that recently received final approval of class action settlement)
- *Lutz v. Electromed, Inc.*, No. 21-cv-2198 (D. Minn.) (court appointed member of class counsel in data breach action that recently gained preliminary approval of $825,000 settlement)
- *Reynolds v. Concordia University*, St. Paul, No. 0:21-CV-2560 (D. Minn.) (serving as a member of proposed class counsel for the plaintiff in case based on the unavailability of clinical experience for nursing students);

### Affiliations:

Cincinnati Bar Association                    Ohio State Bar Association

## JONATHAN T. DETERS

Jon is a Cincinnati native whose legal practice is focused on complex civil litigation, class action litigation, personal injury law, and sports & entertainment law. Jon has been a litigator since the start of his career, and his clients have included individuals, businesses, local governments, and government officials. Jon's experience serving as both plaintiff and defense counsel make him uniquely qualified and well-suited to represent individual and corporate clients in litigation. Jon has been designated as an Ohio Super Lawyers "Rising Star" from 2019-present, which is a distinction awarded to less than 2.5% of Ohio attorneys under the age of 40.

Before joining Markovits, Stock & DeMarco in January 2022, Jon practiced at Schroeder, Maundrell, Barbiere & Powers, an Ohio law firm specializing in civil litigation, personal injury, and constitutional law. While in law school, Jon served as a constable in the Hamilton County Ohio Court of Common Pleas for the Honorable Steven E. Martin and worked as law clerk at the Law Office of Steven R. Adams.

**Education:**

Salmon P. Chase School of Law at Northern Kentucky University, J.D. (2015)

Xavier University, Cincinnati, Ohio, Honors Bachelor of Arts (2012)

**Representative Cases:**

- *Baker v. Carnine*, No. 1:19-CV-60 (2022), United States District Court, Southern District of Ohio
- *Jones v. Vill. of Golf Manor,* No. 1:18-CV-403 (2020), United States District Court, Southern District of Ohio
- *Vaduva v. City of Xenia*, 780 F. App'x 331 (2019), United States Court of Appeals, Sixth Circuit
- *Gillispie v. Miami Twp.*, No. 3:13-CV-416 (2017), United States District Court, Southern District of Ohio
- *City of Mt. Healthy v. Fraternal Ord. of Police, Ohio Lab. Council, Inc*., 101 N.E.3d 1163 (2017), Ohio First District Court of Appeals

**Community Involvement:**

- Cincinnati Bar Association, *Member*
- Ohio Bar Association, *Member*
- Boy Hope Girls Hope of Cincinnati, *Young Professionals Board Member*
- Board of Trustees of the New St. Joseph Cemetery, Cincinnati, Ohio, *Member*

**Courts Admitted:**

- State of Ohio
- United States District Court, Southern District of Ohio
- United States Court of Appeals, Sixth Circuit