UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE GILBERT; DAVID GATZ;
WENDY BRYAN; LORI GRADER;
DARYL SWANSON; PATRICIA
WHITE; ALICIA DUNN; CRYSTAL
HULLETT; and STEPHEN
GABBARD,

    Plaintiffs,

v.                                                                        Case No. 6:21-cv-2158-RBD-DCI

BIOPLUS SPECIALTY PHARMACY
SERVICES, LLC,

    Defendant.
_____

## ORDER

Before the Court is Plaintiffs' Second Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 82 ("Motion").) On referral, U.S. Magistrate Judge Daniel C. Irick issued a Report and Recommendation finding that the Plaintiffs' proposed Short and Long Form Notices (Doc. 82-1, pp. 61–78) were deficient under Federal Rule of Civil Procedure 23. (Doc. 83 ("R&R"), pp. 32–38.) He gave guidance on how to amend them and recommended that the Court grant the Motion contingent on Plaintiffs' revisions. (*Id.* at 32–38, 41.) The parties did not object and the time for doing so passed. So the Court ordered Plaintiffs to file amended Notices in line with Judge Irick's well-

reasoned guidance for approval. (Doc. 84.) The parties then worked together with the Settlement Administrator to revise the Notices. (Doc. 87, p. 1.)

Now in receipt of the amended Notices (Docs. 87-1, 87-2, 87-3), the Court examines the R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted. *See, e.g., Parker v. Universal Pictures*, No. 6:16-cv-1193, 2019 WL 1521708, at *11–12 (M.D. Fla. Feb. 28, 2019) (Irick, M.J.), *adopted*, 2019 WL 1518958 (M.D. Fla. Apr. 8, 2019) (recommending parties refile amended Rule 23 deficient notice before court preliminarily approved settlement and class).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 83) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

2. The Motion (Doc. 82) is **GRANTED**:

   a. The following class for purposes of settlement is **PRELIMINARILY CERTIFIED**:

   All persons whose personal information was impacted in the Data Incident. The Settlement Class specifically excludes: (i) BioPlus and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

    b.    The Settlement Agreement (Doc. 82-1, pp. 2–47) is **PRELIMINARILY APPROVED** as fair, reasonable, and adequate.

    c.    The named Plaintiffs are **APPOINTED** as class representatives.

    d.    The named Plaintiffs' counsel are **APPOINTED** as class counsel.

    e.    Kroll Settlement Administration, LLC is **APPOINTED** as settlement administrator.

    f.    The amended Proposed Notices (Docs. 87-1, 87-2, 87-3) are **APPROVED**.

    g.    The parties' proposed schedule (Doc. 82-1, p. 78) is **ADOPTED**.

    h.    A final fairness approval hearing is scheduled for **Thursday, August 22, 2024, at 10:00 a.m.** The final approval hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

3.    The Clerk is **DIRECTED** to reopen the file. All previously terminated deadlines remain terminated. (*See* Doc. 65.)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 4, 2024.



ROY B. DALTON, JR.
United States District Judge