**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BONNIE GILBERT, DAVID GATZ,**
**WENDY BRYAN, LORI GRADER,**
**DARYL SWANSON, PATRICIA**
**WHITE, ALICIA DUNN, CRYSTAL**
**HULLETT and STEPHEN GABBARD,**

    **Plaintiffs,**

v.                   Case No: 6:21-cv-2158-RBD-DCI

**BIOPLUS SPECIALTY PHARMACY**
**SERVICES, LLC,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION**

  This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Plaintiff's Motion for Attorney Fees and Reimbursement of Class Counsel's Expenses (Doc. 90) |
| **FILED:** | June 5, 2024 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

  Plaintiffs and the preliminarily approved Class they seek to represent reached a nationwide class action settlement with Defendant to resolve claims arising from a data security incident; the settlement includes a $1,025,000.00 non-reversionary common fund and a $1,175,000.00 reversionary fund. Doc. 90 at 1-2. Following preliminary approval, the Class received 5,251 claims, four opt-outs, and zero objections. *Id.* at 2 (citing Yanchunis Decl. ¶ 4). In the present

Motion for Attorney Fees and Reimbursement of Class Counsel's Expenses (Doc. 90, the Motion), Plaintiffs seek $424,128.96 in attorney fees (representing 1/3 of the $1,025,000.00 non-reversionary fund, plus 1/3 of a constructive common fund as to the reversionary fund comprised of the estimated costs of settlement administration allocated to that fund plus attorney fees). *Id.* Plaintiffs also seek $15,000.00 in litigation expenses. *Id.* To date, there has been no opposition filed to the Motion and the time for doing so has passed—accordingly, the undersigned deems the Motion unopposed. *See* Local Rule 3.01(c).

## II.    Legal Standard

"Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services." *Ressler v. Jacobson*, 149 F.R.D. 651, 652-53 (M.D. Fla. 1992) (citations omitted). "When the parties to a class action reach a settlement agreement whereby a 'common fund' is created for the benefit of the class, an award of attorneys' fees is governed by the common fund doctrine." *Cooper v. Nelnet, Inc.*, 2015 WL 4623700, at *1 (M.D. Fla. July 31, 2015) (citations omitted). Pursuant to this doctrine, attorney fees "awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1194-95 (11th Cir. 2019) (citation and internal quotations marks omitted). But the amount of this award is subject to court approval. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) (citing Fed. R. Civ. P. 23(e)).

"The majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I*, 946 F.2d at 774 (citation omitted). The Eleventh Circuit Court of Appeals has referred to 25% of a common fund as a "benchmark attorney's fee award that may be adjusted in accordance with the individual circumstances of each case." *Muransky*, 922 F.3d at 1195 (citation omitted); *see*

*also Lamones v. Human Resource Profile, Inc.*, 2018 WL 8578301, *2 (M.D. Fla. Aug. 2, 2018) (similar) (citation omitted), *report and recommendation adopted*, 2018 WL 8578302 (M.D. Fla. Nov. 5, 2018); *Cooper*, 2015 WL 4623700, at *1 (similar) (citation omitted).  When determining whether this benchmark should be adjusted, courts should consider the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *See, e.g.*, *Muransky*, 922 F.3d at 1195 (citation omitted); *Lamones*, 2018 WL 8578301, *2 (citation omitted); *Cooper*, 2015 WL 4623700, at *1 (citation omitted).  The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case"; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citation omitted).  In addition, the Court should consider other class-settlement specific factors, such as "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Id.* at 775.  The Court should also consider any other factors unique to the particular case before the court that would be relevant to the court's consideration. *See id.* at 775.  "[T]he district court should articulate specific reasons for selecting the percentage upon which the attorneys' fee award is based[,] . . . should identify all factors upon which it relied[,] and [should] explain how each factor affected its selection of the percentage of the fund awarded as fees." *Id.* at 775; *see also Cooper*, 2015 WL 4623700, at *1 (similar) (citation omitted).

As for a reversionary fund that calls for attorney fees to be paid separately, "[w]here class action settlements are concerned, courts will often classify the fee arrangement as a 'constructive common fund' that is governed by common-fund principles even when the agreement states that fees will be paid separately." *Desouza v. Aerocare Holdings, LLC*, 2024 WL 982436, at *2 (M.D. Fla. Jan. 22, 2024), *report and recommendation adopted by 2024 WL 1252384* (M.D. Fla. Mar. 25, 2024) (quoting *In re Home Depot Inc.*, 931 F.3d 1065, 1079 (11th Cir. 2019)).

### III.  Discussion

Here, Plaintiffs request 1/3 of the non-reversionary fund, 1/3 of the constructive fund, and $15,000.00 in litigation expenses.  Doc. 90 at 1-2.  Thus, the undersigned will consider the foregoing factors to determine whether the requested fees are reasonable in this case.

### A.  The Time and Labor Required; The Time Required to Reach a Settlement

"Although the hours claimed or spent on a case should not be the sole basis for determining a fee, ... they are a necessary ingredient to be considered." *Johnson*, 488 F.2d at 717.  Plaintiffs claim that Class Counsel expended approximately 1,026.80 hours pursuing this matter on behalf of the Settlement Class for a corresponding lodestar of $710,759.08.  Doc. 90 at 14 (citing Yanchunis Decl. ¶ 8).  Plaintiffs note that Class Counsel's request for a fee award totaling $424,128.96 equates to a negative lodestar multiplier of 0.59x.  *Id.*

On July 8, 2024, the Court issued an Order directing Class Counsel to provide their detailed billing records for the Court to properly consider the arguments concerning the negative lodestar multiplier.  Doc. 95.  Thereafter, Class Counsel submitted multiple Notices to the Court providing their billing records in this case.  *See* Docs. 97-105.

Upon review of the billing records, and in light of Plaintiff's request for 1/3 of the funds, the undersigned finds that 1,026.80 hours expended on this multi-year, complex class action case

is reasonable under the circumstances.[1]  Likewise, it appears that Class Counsel put forth significant effort to reach a settlement with diligence and efficiency, and this supports the reasonableness of the requested hours.  *See Ressler v. Jacobson*, 149 F.R.D. 651 (M.D. Fla. 1992) (noting class counsel's efficiency in resolving the case as a factor supporting the requested fee award).

### B.  Novel and Difficult Issues; Skill Requisite to Perform the Legal Service

"Courts have recognized that the novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award."  *Lamones*, 2018 WL 8578301, at *3 (citation omitted); *see also Cotter v. Checkers Drive-In Rests., Inc.*, 2021 WL 3773414, at *12 (M.D. Fla. Aug. 25, 2021) (noting data breach class actions present "serious risks" due, in part, to "the ever-developing law surrounding data breach cases").  This data breach class action included complex legal issues of law and fact.  Class Counsel's ability to handle these issues in a diligent and expeditious manner supports their fee request.  Likewise, "[f]ederal class action litigation requires counsel that are skilled in both the procedural issues surrounding Rule 23 and the federal rules in general, as well as the substantive matters of the legal claims at issue."  *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1121 (M.D. Fla. Mar. 30, 2021).  Here, Class Counsel demonstrated their skill and expertise in performing the legal services required to handle a case of this magnitude and ultimately reach a settlement that benefits thousands of Class members.

---

[1] However, the undersigned notes that this conclusion does not mean that the undersigned agrees that all aspects of the billing records are reasonable.  For example, Attorney John Yanchunis' $1600/hour fee appears to be excessive and unreasonable.  *See* Doc. 98-1.  Particularly, billing 5.5 hours at a $1600 hourly rate for "travel to and from case management conference in Orlando" does not appear to be reasonable.  *Id.* at 5.  Nevertheless, the undersigned is considering the reasonableness of the request in its totality, and Class Counsel's negative lodestar multiplier renders the total actual hourly rate at approximately $413.38, which the undersigned finds reasonable.

Accordingly, the undersigned finds that these factors support an award of 1/3 of the settlement funds.

### C.  Preclusion of Other Employment

Courts consider whether the pursuit of the underlying precluded Class Counsel from working on other matters.  *See Kuhr*, 530 F. Supp. 3d at 1122 ("Of course, any time an attorney works on one case, he 'inevitably' is not working on another case at the same time.").  Class Counsel represent that they were precluded from working on certain other class action cases, including certain data breach class action cases, due to their involvement in this case.  Doc. 90-1 at 3.  Likewise, the amount of time spent on this case demonstrates that Class Counsel devoted substantial effort and resources in litigating this action.  Accordingly, the undersigned finds that this factor supports the reasonableness of the award requested.

### D. The Customary Fee; Awards in Similar Cases

"[D]istrict courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund."  *Hanley v. Tampa Bay Sports and Ent. LLC*, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020); *see also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming attorney fee award of 33.3% to class counsel); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).  Given the foregoing, the undersigned finds that this factor supports the reasonableness of the fee requested.

### E. Contingent Fee; Economics of Prosecuting a Class Action

"A contingency fee arrangement often justifies an increase in the award of attorneys' fees."  *Gibbs*, 2018 WL 6983498, at *7 (citation omitted).  Indeed, it is a "significant risk to prosecute[] an action entirely on a contingent basis."  *Lamones*, 2018 WL 8578301, at *2.  "Without the

'bonus' from a contingency fee arrangement, 'very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks involved in recovering nothing.'" *Id*. (citation omitted); *see also Gibbs*, 2018 WL 6983498, at *7 (same) (citation omitted).

Here, Class Counsel pursued this matter on a wholly contingent basis without any guarantee of recovery. Doc. 90 at 12; Yanchunis Decl. ¶ 5. Accordingly, Class Counsel took on substantial risk in prosecuting this case and the presence of a contingency agreement favors the reasonableness of the requested award. Likewise, this risk was compounded by the fact that data breach class actions present difficult legal issues as discussed *supra*. Given the foregoing, the undersigned finds that these factors support the reasonableness of the requested award.

### F. Time Limitations

This factor was not at issue in this case. Thus, the undersigned finds that this factor bears no weight on the reasonableness of the requested fee.

### G. The Results Obtained

"The result achieved is a major factor to consider in making a fee award." *Lamones*, 2018 WL 8578301, at *2 (citation omitted). Here, Class Counsel recovered $1,025,000.00 for the Settlement Fund and an additional $1,175,000.00 for the reversionary fund. Doc. 90 at 2. Class members will be able to claim (1) compensation of $25 per hour for up to three hours of time spent dealing with issues related to the data incident; (2) reimbursement of documented out-of-pocket expenses or losses up to $7,500.00; and (3) a *pro rata* distribution of funds remaining in the Settlement Fund (which Class Counsel projects to be approximately $50 per Class member). *Id.* at 5. The undersigned finds that this outcome in a data breach class action supports the overall reasonableness of the requested fee.

### H. Experience, Reputation, and Ability of the Attorneys

Here, Plaintiffs were represented by experienced counsel. *See* Doc. 82-2 (Coates Decl. ¶¶ 3-5, 15). The undersigned finds that this factor supports the reasonableness of the requested fee.

### I. Nature and Length of the Professional Relationship with Plaintiffs

This factor was not an issue in this case. Thus, the undersigned finds it bears no weight on the reasonableness of the fee award.

### J. Substantial Objections of Class Members

There were no objections to the Settlement. Doc. 90 at 2 (citing Yanchunis Decl. ¶ 4). Thus, the undersigned finds that this factor supports the reasonableness of the request fee.

### K. Class Counsel's Expenses

According to the Motion, Class Counsel have $24,876.61 in expenses consisting mainly of filing fees, meditation fees, and travel costs for attending the upcoming Final Approval Hearing. Doc. 90 at 15 (citing Yanchunis Decl. ¶ 8). However, Class Counsel have agreed to cap the requested reimbursement of expenses at $15,000.00. *Id.* (citing Coates Decl. ¶ 16). The undersigned finds this request reasonable and recommends that Class Counsel be awarded an additional $15,000.00 to cover expenses.

### IV. Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. The Motion (Doc. 90) be **GRANTED**;

2. The Court find that Class Counsel's proposed attorney fee of $424,128.96 is reasonable as a part of the settlement; and

3. The Court find that Class Counsel's request for $15,000.00 in reimbursement for litigation expenses is reasonable as a part of the settlement.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 5, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy