UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE GILBERT; DAVID GATZ;
WENDY BRYAN; LORI GRADER;
DARYL SWANSON; PATRICIA
WHITE; ALICIA DUNN; CRYSTAL
HULLETT; and STEPHEN
GABBARD,

  Plaintiffs,

v.                Case No. 6:21-cv-2158-RBD-DCI

BIOPLUS SPECIALTY PHARMACY
SERVICES, LLC,

  Defendant.
_____

# FINAL APPROVAL ORDER

Before the Court are Plaintiffs' Unopposed Motion for Attorneys' Fees and Reimbursement of Class Counsel's Expenses (Doc. 90 ("Fee Motion")), U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation on the Fee Motion (Doc. 107 ("R&R")), and Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 113 ("Settlement Motion")). Plaintiffs' Fee Motion is due to be granted, the R&R adopted, and the Settlement Motion granted.

Plaintiffs brought a class action suit against Defendant for negligence, breach of implied contract, violation of Florida's Deceptive and Unfair Trade Practices Act, and declaratory judgment after a data breach involving information

on Defendant's network. (Doc. 60.) The parties agreed to settle the claims on a class-wide basis, and the Court preliminarily approved the settlement agreement. (Doc. 82-1, pp. 2–47 ("Settlement"); Doc. 88.) Plaintiffs now move unopposed for final approval of the Settlement and for attorney's fees and costs. (Docs. 90, 113.) Judge Irick issued an R&R recommending that the Court grant the Fee Motion; neither party opposed. (Doc. 107.) After a fairness hearing (Doc. 114) and supplemental briefing (Doc. 115), the matter is ripe.

## I. Settlement Motion

First, the Settlement itself is fair. (Doc. 82-1, pp. 2–47.) In deciding whether to finally approve a class action settlement, courts must ensure it is "fair, reasonable, and adequate" based on several factors, such as whether the relief is adequate and the settlement treats all members equitably. *See* Fed. R. Civ. P. 23(e)(2). Courts also assess whether there is opposition to the settlement and the stage at which the settlement was achieved, among other factors. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Here, there is no question that the Rule 23(e)(2) and *Bennett* factors are met. There has been no opposition, the members are treated equitably, and the factual record was sufficiently developed. (Doc. 113, pp. 8–18); Fed. R. Civ. P. 23(e)(2);[1] *Bennett*, 737 F.2d at 986; *see, e.g.*,

---

[1] Rule 23(e)(1) also provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice procedure here was adequate, as the administrator distributed the forms by first-class mail and, when possible, email

*Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *5 (S.D. Fla. May 20, 2021); *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1118 (M.D. Fla. 2021). So the settlement motion is due to be granted, as the Settlement is fair, reasonable, and adequate, and final approval is appropriate.

**II.  Fee Motion**

Next, Plaintiffs request a fee award of $424,128.96. (Doc. 90, p. 1.) They propose that $341,666.66 of the fee award come from a non-reversionary common fund ("Common Fund") and $82,462.30 come from a reversionary claims-made fund ("Claims-Made Fund"). (*Id.* at 2.) Plaintiffs also ask for $15,000.00 in costs. (*Id.* at 1.)

The Common Fund, which will pay the claims of class members whose Social Security Numbers were implicated in the data breach, totals $1,025,000.00. (*Id.* at 4.) The Claims-Made Fund, which will pay the claims of class members whose Social Security Numbers were not implicated in the breach, is capped at $1,175,000.00. (*Id.*) Judge Irick recommends approving these awards. (Doc. 107, p. 8.) Neither party objects to this recommendation.

---

and established a website. (Doc. 82-1, pp. 34–35; Doc. 113-2, pp. 4–8); *see Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *2–3 (S.D. Fla. May 20, 2021); *see also In re Winn-Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194, 2008 WL 815724, at *4 (M.D. Fla. Mar. 20, 2008). While the administrator initially failed to send notices to 594 class members, the administrator sent the notices to those members after realizing the error. (*See* Doc. 113-2, ¶¶ 12, 15.)

When there are no objections to the R&R, the Court examines it for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Courts must base attorney's fees awarded from a common fund on a reasonable percentage of the fund. *See Camden I Condo Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). When the fee exceeds 25% of the settlement fund, courts must consider, among other things, the novelty and difficulty of the issues involved and the time and labor required. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974); *see also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242–43 (11th Cir. 2011).

Here, the Court agrees with the R&R that the fee award of $341,666.66 from the Common Fund, representing one-third of that fund, is reasonable as the case was complex, the case may have been considered undesirable because of its complexity and the risk of no recovery, class counsel achieved a significant settlement providing monetary relief to all class members despite the inherent risk of no recovery, and no class member objected. (Doc. 107, pp. 4–8); *see Camden*, 946 F.2d at 775.

But the Court departs from the R&R in that the Claims-Made Fund is not a "constructive common fund." A constructive common fund is a fee arrangement that is treated as a common fund even though the agreement says that fees are paid separately. *In re Home Depot Inc.*, 931 F.3d 1065, 1080 (11th Cir. 2019). Here,

4

the fees are taken from the fund, so there is no constructive common fund. Instead, this fund is more properly classified as what Judge Tjoflat recently described as a "claims-made fund"—that is, one that "provides that the defendant will pay claims of class members who file them, usually up to some fixed ceiling." *Drazen v. Pinto*, 106 F.4th 1302, 1339 (11th Cir. 2024) (Tjoflat, J.) (cleaned up). The Eleventh Circuit has traditionally treated reversionary claims-made funds as common funds and used the percentage of the fund method to calculate fees. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1292–98 (11th Cir. 1999); *see also Poertner v. Gillette Co.*, 618 F. App'x 624, 629 (11th Cir. 2015). But in the recent *Drazen* case, Judge Tjoflat, writing alone, distinguished reversionary claims-made funds from non-reversionary common funds and opined that it was error for the district court to classify a claims-made fund as a common fund and use the percentage fee standard. *Drazen*, 106 F.4th at 1341–42 (Tjoflat, J.). While the Eleventh Circuit has not yet adopted Judge Tjoflat's analysis, *see id.* at 1304 (majority op.), this Court agrees with his reasoning: because a large portion of a reversionary claims-made fund will often not be paid out, using the percentage of the fund method to calculate fees is fundamentally unfair. *See id.* at 1341–42 (Tjoflat, J.). *But see Waters*, 190 F.3d at 1292–98.

So here, the Court will consider the reasonableness of the fee award from

5

the Claims-Made Fund under the lodestar method.[2] Class Counsel spent 1,026.80 hours on this case for a corresponding lodestar of $710,759.08. (Doc. 107, p. 4.) The Court agrees with the R&R that the overall fee award of $424,128.96, equating to a negative lodestar multiplier of 0.59x, is reasonable. (*Id.* at 4–5 & n.1.) The Court also agrees with the R&R that class counsel's expenses, capped at $15,000.00, are reasonable. (*Id.* at 8.) So the R&R is due to be adopted, the Fee Motion granted, and class counsel awarded $424,128.96 in attorney's fees and $15,000.00 in expenses.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Settlement Motion (Doc. 113) is **GRANTED**.

2. The R&R (Doc. 107) is **ADOPTED AND CONFIRMED** apart from the language about constructive common funds.

3. Plaintiffs' Fee Motion (Doc. 90) is **GRANTED**.

4. This Order incorporates by reference the definitions set forth in the Settlement. (*See* Doc. 82-1, pp. 5–16.) All terms used herein shall have the same meaning as set forth in the Settlement.

5. The Court **FINALLY APPROVES** the Settlement (Doc. 82-1, pp. 2–47) as fair, reasonable, and adequate.

---

[2] The nominal classification of the fund does not matter because even if this were considered a common fund and fees considered under the percentage of the fund method, the $82,462.30 in fees, representing approximately 7% of the total fund, would still be reasonable under the Eleventh Circuit's pre-*Drazen* reasoning. *See Waters*, 190 F.3d at 1292–98.

6. The Court **FINALLY CERTIFIES** the following class:

> All persons whose personal information was impacted in the Data Incident. The Settlement Class specifically excludes: (i) BioPlus and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

7. The Court **FINALLY DESIGNATES** the named Plaintiffs as Class Representatives.

8. The Court **FINALLY APPOINTS** the named Plaintiffs' counsel as Class Counsel.

9. The Court **FINDS** it has personal jurisdiction over all settlement class members and Defendant.

10. The Court **APPROVES**, as to form, content, and procedure the Notice set forth in the Settlement as given. (Doc. 82-1, pp. 2–47.)

11. The parties and the settlement administrator are **DIRECTED** to implement the Settlement (Doc. 82-1, pp. 2–47) in accordance with its terms and provisions and in light of the Court's ruling on the fees.

12. This action is **DISMISSED WITH PREJUDICE**.

13. The Court **RETAINS JURISDICTION** over this action, the parties, class counsel, and the settlement class to enforce the terms of the

Settlement and preside over issues arising from the distribution of the settlement claims.

14. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 14, 2025.

*[Signature]*
ROY B. DALTON, JR.
United States District Judge